Royal THOMAS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19799.

United States Court of Appeals
Fifth Circuit.

March 14, 1963.

Rehearing Denied April 25, 1963.

T. Gilbert Sharpe, Brownsville, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Homero M. Lopez, Asst. U. S. Atty., Brownsville, Tex., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment of conviction on each count of a two-count indictment. Count I charged the appellant with smuggling two ounces of marihuana into the United States, in violation of 21 U.S.C. § 176a,[1] and Count II charged him with transporting and concealing the marihuana without having paid the transfer tax imposed by the Internal Revenue Code, in violation of 26 U.S.C. § 4744(a) (2).[2]

During the trial, the government introduced evidence to the following effect. Acting upon information received from a paid informer, a narcotics agent placed the appellant under surveillance in Matamoros, Mexico, early one morning. The agent first observed the appellant parked in his car, with a female companion. Subsequently, the appellant drove away, with a male passenger; the appellant drove to a house in downtown Matamoros, where the passenger got out and went inside; upon the passenger's return, the two drove to Matamoros' bull ring, where the car was stopped. The agent testified that he passed appellant's car while it was parked at the ring and saw the appellant standing at the rear of the car, with its trunk opened.

---

1. "Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, * * * shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury. * * *" 21 U.S.C. § 176a.

2. "It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(2)—

"(1) to acquire or otherwise obtain any marihuana without having paid such tax, or

"(2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana so acquired or obtained.

Proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or [h]is delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this subsection and of liability for the tax imposed by section 4741(a)." 26 U.S.C. § 4744(a).

938

When the appellant drove away from the bull ring, the agent followed him, saw him stop at the town square, where the male passenger got out, and then proceed to the B & M Bridge. At the bridge, a customs officer stopped the appellant and, upon search, the marihuana was found in the trunk of the car. During the trial, the appellant denied any knowledge of the marihuana, that he had stopped at anyone's house in Matamoros, that he had gone to the bull ring, and that he had at any time got out of his car after leaving the location where the agent had originally noticed him.

■ Appellant urges, first, that the trial court erred in overruling his motion in arrest of judgment and his renewed motion for judgment of acquittal on Count I. Count I charged that the appellant "did unlawfully, knowingly and willfully with the intent to defraud the United States, smuggle and clandestinely introduce into the United States, a quantity of marihuana, which should have been invoiced. * * * without having such marihuana invoiced; contrary to and in violation of Section 176(a), Title 21, U.S.C.A.". Essentially, the indictment traces the statutory language. Appellant contends that the indictment should have alleged, and the government should have proven, the facts and statutes by virtue of which the marihuana "should have been invoiced". He relies upon the general proposition that an indictment is fatally defective when it merely traces the wording of a statute that does not contain all of the elements of the offense.[3] Appellant interprets the phrase, "which should have been invoiced", as constituting an essential element of the offense of smuggling marihuana, prescribed in Section 176a. We disagree.

■ The phrase, "which should have been invoiced", is derived from the general smuggling statute, 18 U.S.C. § 545.[4] Because "smuggling" is unlawful per se, it has consistently been held that an indictment based upon Section 545 is sufficient if it traces the wording of the statute.[5] Similarly, the smuggling of marihuana is unlawful per se. No additional element of the offense of smuggling marihuana exists by virtue of the phrase "which should have been invoiced". In our opinion, the word "invoiced", as used therein, carries the meaning attached to it in the customs law, viz., lawfully entered or declared.[6]

3. Russell v. United States, 1962, 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240; Babb v. United States, 5th Cir., 1955, 218 F.2d 538.

4. "Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced * * *." 18 U.S.C. § 545.

5. Keck v. United States, 1899, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505; Huff v. United States, 5th Cir., 1959, 273 F.2d 56; Hill v. United States, 4th Cir., 1930, 42 F.2d 812. In Babb v. United States, 5th Cir., 1955, 218 F.2d 538, this court noted the distinction between an allegation of smuggling, which is unlawful per se, and an allegation of entry "contrary to law". The indictment in that case rested upon Sec. 545. The indictment, tracing the words of the statute, charged that cattle were brought into the country "contrary to law". This court held that the indictment should have alleged facts showing that the cattle were brought into the country contrary to some law. We agree with the appellant in his citation of that case for the general proposition that an indictment must allege every element of the offense, but, in the distinction there made between an entry which constitutes "smuggling" and one which is "contrary to law", we think that the decision vitiates, rather than supports, appellant's argument.

6. Appellant has devoted his principal effort toward demonstrating that no marihuana "should", indeed, could, be "invoiced" until the provisions of 26 U.S.C. §§ 4751 and 4753 are met. It does, certainly, appear clear enough that one could not, consistent with the internal revenue laws, bring marihuana into the United States without complying with those provisions. Appellant, however, takes an unjustified leap in logic. The government, he contends, was compelled to allege and prove that he had complied with those conditions precedent so that the marihuana could, and should, have been "invoiced". He begs the question. He assumes that the phrase, "which should

 In addition, it should be noted that the statute creates, from proof of possession on the part of a defendant, a rebuttable presumption of guilt sufficient to sustain a conviction. The appellant argues that possession of the marihuana on his part was not shown, and that the marihuana could have been placed in his trunk by the informer or the customs inspector. We believe that the evidence concludes the issue against appellant on that point.

 Count II alleged that the appellant as a "transferee required to pay the transfer tax imposed by the Internal Revenue Code, did unlawfully, knowingly and feloniously transport and conceal, and facilitate the transportation and concealment of a quantity of marihuana * * * without having paid the transfer tax imposed by said Code", in violation of 26 U.S.C. § 4744(a) (2). Appellant raises a number of objections in connection with this phase of the case; but, since we believe that one of his arguments warrants reversal, we need not reach the other issues. The evidence conclusively demonstrates, we believe, that the appellant acquired the marihuana in Mexico and attempted to smuggle it into the United States across the M–B Bridge. Count I was predicated on those facts, including acquisition in Mexico. Count II, however, was necessarily predicated upon appellant's having obtained the marihuana within the United States. In view of the obvious inconsistency between the guilty judgments on both counts, and since the record conclusively demonstrates that the marihuana was acquired in Mexico, the judgment of conviction on Count II cannot stand.

Having carefully considered all of appellant's points, we hereby affirm the judgment of conviction on Count I and reverse the judgment of conviction on Count II and remand it to the district court, with directions to vacate the judgment on Count II and enter judgment of acquittal on that Count.

Affirmed in part and reversed in part.

have been invoiced", is a distinct element of the offense, and then proceeds to tell us of what that element consists. But this argument fails to show us that the phrase *does* constitute a separate element of the offense. In addition, in attempting to explain the meaning of "invoice", he shift's without justification into provisions of the Internal Revenue Code, whereas the present offense is essentially one deriving from the law of customs.