Juan MARQUEZ-ANAYA and Juan Fernandez-Barrientes, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 20198.

United States Court of Appeals Fifth Circuit.

June 25, 1963.

Murray J. Howze, Monahuas, Tex., for appellants.

Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Circuit Judge, LUMBARD*, Chief Judge, and BROWN, Circuit Judge.

PER CURIAM.

The sole question raised on this appeal is the sufficiency of the evidence to support the convictions. The defendants were tried and convicted under all three counts of a three-count indictment. Under Count I, they were charged with a conspiracy to smuggle narcotics into the United States and to facilitate its transportation thereafter. Count II charged the Defendants with smuggling narcotics into the United States. 21 U. S.C.A. § 176a. And Count III charged them with being transferees of such narcotics and failing to pay the required

transfer tax. 26 U.S.C.A. §§ 4741(a), 4744(a) (2).

■ A careful review of the record convinces us that there is ample evidence to support the convictions on Counts I and II. The Defendants who have appealed to this Court were jointly indicted with two others who pleaded guilty. The offenses charged in the indictment arose out of the single act of bringing 16 pounds of marihuana into the United States from Mexico. The record reveals that the four persons jointly indicted held several meetings in the home of one of them in Mexico. It is at these meetings that the plans were made for the illegal venture. The parties agreed not to attempt the act themselves; instead, they hired an unidentified person who drove a truck across the border, the marihuana being stashed in one of the truck tires. This being accomplished, the four persons indicted later met the truck driver after he had crossed the border into Texas in order to consummate the transaction. They were apprehended soon thereafter by authorities who had trailed the truck from the border. The evidence was quite sufficient to implicate the Defendants who appeal here.

■ However, we do not think the convictions and sentences imposed thereon as to Count III can be sustained. This was substantially an uninterrupted movement into the United States of a single quantity of marihuana. The four persons charged with smuggling (as a conspiracy and substantive crime) were also charged with being transferees of the very same marihuana. As was true in Thomas v. United States, 5 Cir., 1963, 314 F.2d 936, 939, Counts I and II were predicated on the Defendants having acquired the marihuana in Mexico for the purpose of smuggling it into the United States, but Count III "was necessarily predicated upon Appellants having obtained the marihuana within the United States." Consequently, as we there held, "In view of the obvious inconsistency be-

* Of the Second Circuit, sitting by designation.

tween the guilty judgments on both counts * * * the judgment of conviction on Count [III] cannot stand." 314 F.2d 936, 939. The Defendants' motion for judgment of acquittal as to Count III should have been sustained.

Affirmed in part.

Reversed and rendered in part.