James Henry **EISENHARDT**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25570.

United States Court of Appeals
Fifth Circuit.

Jan. 22, 1969.

William B. Seidel, Fort Lauderdale, Fla., for appellant.

Donald I. Bierman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

KEADY, District Judge:

Appellant, James Henry Eisenhardt, was convicted on Count I for receiving and concealing 2.2 grams of hashish marijuana illegally imported into the United States, in violation of Title 21 U.S.C. § 176a,[1] and on Count II for non-payment of transfer tax on such marijuana, in violation of Title 26 U.S.C. § 4744(a) (1).[2] Counts I and II relate to illegal transactions described in the indictment as occurring "on or about March 3, 1967."[3] Appellant was acquitted on Counts III and IV, which charged additional crimes of unlawful concealment of, and nonpayment of transfer tax on, 4,222 grams of hashish marijuana occurring on March 11, 1967. Upon this appeal appellant contends the trial court erred: (1) in refusing to award a new trial because of fatal inconsistency between the verdicts of conviction and acquittal; (2) in submitting to the jury the issue of entrapment; and (3) in refusing to instruct more fully in response to questions asked by the jury during its deliberations. Finding that these contentions are without merit, we affirm.

■ On the first point, the offenses charged in Counts I and II and those charged in Counts III and IV, do not constitute a single continuous act, but are independent, separate and distinct. Nor are the jury verdicts of conviction and acquittal fatally incompatible because the government's evidence showed with respect to the March 6 deal appellant to be personally in possession of and personally transferring to a deputy sheriff 2.2 grams of marijuana, but no more than an inference of constructive possession as to the March 11 transaction charged in Counts III and IV. Mere inconsistency in the verdicts of a jury, where the judgment of conviction accords with evidence, is not ground for reversal. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Appellant relies upon Thomas v. United States, 314 F.2d 936 (5 Cir. 1963), and Marquez-Anaya v. United States, 319 F.2d 610 (5 Cir. 1963), which are inapposite here. Both of those cases involved the conviction of accuseds who had acquired marijuana outside the United States, for which they were convicted upon a count of smuggling into the United States under 21 U.S.C. § 176a, and yet they were also found guilty under a separate count based on 26 U.S.C. § 4744(a) (2) as transferees of such narcotics without payment of tax. A finding of guilty on the second count was entirely inconsistent with conclusive evidence that the accuseds had smuggled the narcotics into the United States, so that conviction thereon could not stand.

■ As to the second contention, unlawful entrapment is established when

1. 21 U.S.C. § 176a provides in relevant part:
   " * * * whoever, knowingly, with intent to defraud the United States * * * receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marijuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * * shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * * "

2. 26 U.S.C. § 4744(a) (1) reads:
   "(a) Persons in general.—It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a)—
   (1) to acquire or otherwise obtain any marihuana without having paid such tax, or"
   * * * * *

3. All the proof on these two counts establish March 6, 1967, as exact date of occurrence.

the criminal design originates with an official of the government or one acting at its direction and is implanted in the mind of an innocent person to induce him to commit a crime which he was not otherwise predisposed to commit. Beatty v. United States, 377 F.2d 181 (5 Cir. 1967); Suarez v. United States, 309 F. 2d 709 (5 Cir. 1962). However, there is no such entrapment if the accused is ready and willing to commit the crime with which he is charged whenever opportunity might be afforded, even though by an agent of the government. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Beatty v. United States, supra. Appellant's testimony that he was induced to become involved with narcotics because of a desire to assist Viola Gail Pacquette, who was conceded to be an informer, was sharply contradicted by other statements attributed to him by prosecution witnesses that he was in the narcotics traffic because he badly needed money to pay .his debts and that he worked for a national organization capable of supplying large quantities of narcotics. Then, too, the jury was, in the light of appellant's own conduct, free to reject his testimony. Claiming to refuse meeting with any buyers, he met with two and became substantially involved in efforts to consummate the sale of narcotics. Thirty days elapsed from the date of his meeting with the informer, at which she made her request for his help in obtaining narcotics, and the March 6 transaction, thus giving rise to a legitimate inference that appellant was acting to further his own purposes. Because of the conflicts on this issue, the trial court submitted entrapment as a defense to the jury under appropriate instructions.[4] Since the government showed appellant had both a profit motive and a predisposition to commit the crime involved, the jury was justified in not accepting appellant's testimony of innocence, and of his desire not to become involved but only to be of help to the informer. Appellant wholly failed to show entrapment as a matter of law within the framework of the rule set forth in Henderson v. United States, 261 F.2d 909 (5 Cir. 1959).

Finally, having initially made an accurate and correct charge, the trial court did not abuse its discretion in the extent that it amplified, but also limited its charge in response to questions originating with the jury. As noted, the jury was clearly instructed—in fact twice instructed—on entrapment as a defense, but the trial judge declined to give certain supplemental instructions in the nature of answers to specific inquiries made by the jury on the ground that to do so would be a comment on the evidence. "By the charge the court did give, the jury knew its responsibility and the broad avenues open for its discussional and decisional judgment. It is not necessary that the court meticulously spell out each and every factor which the jury may consider." Pope v. United States, 372 F.2d 710, 731 (8 Cir. 1967). We find no error on the part of the district judge in declining to respond, to an extent greater than he did, to the several questions propounded by the jury.

Affirmed.

4. "If, then, the jury should find from the evidence that before anything at all occurred respecting the alleged offenses involved in this case the accused was ready and willing to commit crimes such as those charged in the indictment whenever opportunity was offered, and the Government merely offered the opportunity, the accused is not entitled to prevail under the defense of unlawful entrapment.

   "If, on the other hand, the jury should find that the accused had no previous intent or purpose to commit any offenses of the character here charged and did so only because he was induced or persuaded by some agent of the Government or anyone acting for the Government, then the defense of unlawful entrapment is made out and the defendant should be acquitted." Tr. pp. 309–310. Cf. Demos v. United States, [Fn. 3], 205 F.2d 596 (5 Cir.); Walker v. United States, 301 F.2d 94 (5 Cir. 1962).