**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Santos Orosco CASTRO, Defendant-
Appellant.**

**No. 18472.**

United States Court of Appeals,
Seventh Circuit.

Feb. 16, 1971.

Certiorari Denied May 17, 1971.
See 91 S.Ct. 1681.

469

Victor C. Cairo, Racine, Wis., for defendant-appellant.

David J. Cannon, U. S. Atty., Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before KERNER, PELL and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

In response to a call from a courier who had obtained his name and telephone number from a Mexican resident named Espinoza, defendant brought a truck to a motel near Kenosha, Wisconsin, and picked up two 20-pound bags containing marihuana.[1] When arrested,

---

1. He also received ten other bags which had contained marihuana when they were picked up by the courier in Laredo, Texas, in a wooded area near the bank of

he had in his possession Espinoza's telephone number in Nuevo Laredo, Mexico, which the courier had just called and a receipt for a Western Union money order addressed to Espinoza's brother in Nuevo Laredo. Defendant was convicted of receiving marihuana knowing it to have been brought into the United States contrary to law. 21 U.S.C. § 176a.

The sufficiency of the evidence is not questioned. The government placed no reliance on the statutory presumption of guilt arising from proof of possession of marihuana. We, therefore, are not faced with the problem of how much, if any, of that presumption has survived Leary v. United States, 395 U.S. 6, 29–54, 89 S.Ct. 1532, 23 L.Ed.2d 57.[2] The questions which appellant does raise are (1) whether 21 U.S.C. § 176a is invalid because it requires the accused to incriminate himself; (2) whether the indictment was defective; (3) whether the instructions to the jury were adequate; and (4) whether inadmissible evidence was received. We find no error in the proceedings.

## I.

■ Appellant argues that an element of the offense prohibited by § 176a is that the marihuana has been imported "contrary to law." Apart from § 176a, at the time of appellant's arrest there was no statute which prohibited the importation of marihuana.[3] The Marihuana Tax Act[4] prohibited transfers of marihuana by persons who had not complied with its occupation and transfer tax provisions. Accordingly, appellant argues, the "contrary to law" phrase in § 176a requires the prosecution to prove a failure to comply with those provisions. But, the argument continues, compliance with the tax provisions would have required appellant to incriminate himself and, therefore, under the rationale of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 and related cases,[5] the Fifth Amendment protects him from prosecution for failing to perform an incriminatory act.

There are two answers to this argument. First, appellant was not convicted of illegal importation; he was convicted of receiving marihuana which had been imported by someone else. Even if the importer could not be prosecuted for failing to comply with the Marihuana Tax Act because compliance would have forced the importer to incriminate himself, appellant's conviction does not rest on his failure to obey a statute which required him to perform an incriminatory act. See 395 U.S. at 28, 89 S.Ct. 1532. An importer's Fifth Amendment privilege against self-incrimination does not protect his customers from prosecution.

Second, the words "contrary to law" do not necessarily refer to the Marihua-

the Rio Grande River directly across from property in Mexico controlled by Espinoza; these bags had been emptied and refilled with simulated marihuana by customs agents. The entire load weighed about 300 pounds.

2. The 9th Circuit recently held that the presumption of unlawful importation survives Leary. United States v. Avey, 428 F.2d 1159 (9th Cir. 1970) cert. denied 400 U.S. 903, 91 S.Ct. 140, 27 L.Ed.2d 139. Section 176a provides, in part:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant ex-

plains his possession to the satisfaction of the jury." 21 U.S.C. § 176a.

3. With respect to narcotic drugs, importation was prohibited by 21 U.S.C. § 173 and the penalties were specified in § 174. Of course, the control of traffic in marihuana and narcotic drugs has been completely revised by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84 Stat. 1236 et seq.

4. 26 U.S.C. §§ 4741, et seq.

5. Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923; Leary v. United States, 395 U.S. 6, 12–29, 89 S.Ct. 1532, 23 L.Ed.2d 57.

na Tax Act. The government suggests that they could also contemplate violation of customs requirements applicable to general merchandise which must be declared and invoiced before entry into the United States.[6] However, we need not go beyond the text of § 176a itself. See Thomas v. United States, 314 F.2d 936, 938 (5th Cir. 1963) cert. denied 375 U.S. 849, 84 S.Ct. 105, 11 L.Ed.2d 76; but see United States of America v. Garrison, Wertheim & Goldman, 308 F. Supp. 419 (S.D.N.Y.1969). As already noted, the section proscribes both smuggling marihuana and the receipt of previously smuggled marihuana. The prohibition against the receipt of "such marihuana" encompasses "marihuana which should have been invoiced."[7] The statute quite plainly indicates that it is unlawful to receive marihuana knowing that it was not invoiced when imported. Thus, entirely apart from the Marihuana Tax Act, appellant's receipt of the marihuana was prohibited by § 176a.[8]

His conviction rests on his voluntary performance of an unlawful act; it is not predicated on his failure to perform an incriminatory act. His Fifth Amendment privilege was not violated.

## II.

In his attack on the indictment appellant complains of the failure to provide him with an explanation of the words "contrary to law." He relies on Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505, in which an indictment which charged importation of diamonds "contrary to law" was held insufficient for not informing the accused of the statutory provision which was violated by the importation. In that case the charge could not be understood without reference to statutes which were not identified in the indictment. Accordingly, the government conceded that the accused was not fully informed of the nature of his alleged offense. See 172 U.S. at 437, 19 S.Ct. 254.

In the present case, however, the indictment plainly stated that the misconduct charged against appellant was " * * * all in violation of § 176a."[9] As indicated in our discussion of appellant's Fifth Amendment contention, his conviction was predicated solely on § 176a. No other statutory violation was charged or proved. The indictment fairly informed the accused of the charge he was required to meet and created no

6. 19 U.S.C. §§ 1461, 1484 & 1485.

7. The statute reads, in part:
"* * * whoever, knowingly, * * smuggles or clandestinely introduces into the United States *marihuana which should have been invoiced,* or receives, * * * *such marihuana* after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * *." (Emphasis supplied) 21 U.S.C. § 176a

8. This interpretation of § 176a is supported by its legislative history. Section 176a is § 2(h) of the Narcotic Drugs Import and Export Act, which was added by the Narcotic Control Act of 1956, Ch. 629, Title I, § 106, 70 Stat. 570. The final version of § 2(h) is identical to the provision in the House bill. The House report on the bill states, in part:
"This new subsection would define and provide penalties, apart from the provision of any other existing statute for

the offense of smuggling marihuana into the United States. Smuggling of marihuana could henceforth be prosecuted as a violation of this subsection and not as a violation of any of the provisions of the general smuggling statute (18 U.S.C. 545)."
H.R.Rep. No. 2388, 84th Cong., 2d Sess. 1956, p. 6, U.S.Code Cong. & Admin.News 1956, p. 3279.

9. The indictment reads as follows:
"That on or about the 11th day of December, 1967, at Kenosha County, * * * defendants herein, did knowingly *and with intent to defraud the United States* receive, conceal and facilitate the transportation and concealment of approximately 40 pounds of marijuana after the said marijuana had been imported and brought into the United States contrary to law, knowing that the said marijuana had been imported and brought into the United States contrary to law; all in violation of Section 176a, Title 21, United States Code of Laws."

danger of subsequent prosecution for the same conduct. Moreover, in response to pre-trial motions attacking the sufficiency of the indictment, the trial judge informed the defendant that he would not be required to meet any charge of violation of any statute except § 176a.[10] The indictment was sufficient. See Rule 7(c) F.R.Crim.P.

### III.

Appellant contends that the court failed to instruct the jury on all essential elements of the crime. Specifically, he complains that the court erroneously refused a tendered instruction on "intent to defraud"; that he failed to explain the requirement that the marihuana was imported "contrary to law"; and that the instruction on knowledge of the illegal character of the importation was inadequate.[11]

All of these arguments are predicated on a construction of § 176a which would require proof of a violation of the Marihuana Tax Act as an element of the offense. The trial court consistently rejected this construction of the statute. As stated above, we agree with the trial court's interpretation of the legislative history and text of § 176a.

The court explained to the jury that the government had the burden of proving beyond a reasonable doubt that defendant knew the marihuana had been unlawfully imported into the United States. The instructions, read as a whole, made it perfectly clear that the proof must establish not only that the marihuana was imported "contrary to law," but also that defendant knew of the illegal character of the importation.[12]

10. In his order of October 7, 1969, Judge Gordon stated:

"In his present motion the defendant argues that 21 U.S.C. § 176a must be read in conjunction with the marihuana tax statutes, 26 U.S.C. §§ 4751–55 and 26 U.S.C. §§ 4773–75. This is the sole basis for his motion.

"In his earlier motion, filed December 2, 1968, and decided by this court on August 19, 1969, the defendant made an almost identical argument. The only difference is that in the first motion the defendant based his argument on the transfer tax provisions. On page four of that order, this court stated:

"'I believe that 21 U.S.C. § 176a makes illegal the smuggling and the handling of smuggled marihuana under the conditions specified and is a statute independent of the marihuana transfer tax provisions contained in Title 26. Hence, the defendant is not required to incriminate himself, and there is no abuse of his fifth amendment protections.'

"Similarly, it may be said that 21 U.S.C. § 176a is a statute independent of the marihuana occupational tax provisions, all other marihuana tax provisions, and provisions requiring written order forms."

11. He also contends that the court erroneously failed to give the following instruction:

"In the crime charged against the defendant, there are three elements which

the government must prove. (a) that the marihuana was imported contrary to law; (b) that he knew it was imported unlawfully and (c) the importation was with intent to defraud the United States. The government must prove each and every one of these charges beyond a reasonable doubt. If the government fails to prove any one of these, then you must acquit the defendant."

However, no such instruction was tendered and we are satisfied that the instructions which were given adequately covered all elements of the offense.

12. In his instructions the court quoted the text of § 176a, and explained, in part:

"Under this law, the Government must prove beyond a reasonable doubt that the Defendant did knowingly, with intent to defraud the United States, receive or sell or conceal or facilitate the transportation, sale or concealment of the marihuana on or about the time alleged in the indictment, knowing it to have been unlawfully imported into the United States.

"The word 'knowingly' as used in the crime charged means that this act was done voluntarily and purposely and not because of an accident or mistake. Knowledge may be proven by Defendant's conduct, and by all the facts and circumstances surrounding the case. No person can intentionally avoid knowledge by closing his eyes to facts which should prompt him to investigate.

As already noted, there is no question as to the sufficiency of the evidence supporting the jury's verdict.

### IV.

Appellant challenges several evidentiary rulings.

■ The courier who picked up the marihuana in Laredo, Texas, and delivered it to appellant in Kenosha, Wisconsin, testified about two conversations with Espinoza. In neither was he permitted to relate what Espinoza said. The former took place in Nuevo Laredo, Mexico, a few days before the witness picked up the marihuana; it tended to prove Espinoza's connection with the transaction. The latter was a long distance call placed by the witness from Kenosha to Mexico. During the conversation the witness wrote down the telephone number in Wisconsin at which he reached appellant shortly thereafter. It tended to prove appellant's connection with Espinoza. Neither conversation was offered for the purpose of proving the truth of any statement made by Espinoza. The witness described only his own statements and conduct, about which he was cross-examined. Appellant's hearsay objections were properly overruled. *Cf.* Davis v. United States 411 F.2d 1126, 1127–1128 (5th Cir. 1969); United States v. Anost, 356 F.2d 413, 417–418 (7th Cir. 1966).

■ Appellant also objected to testimony by a customs agent to the effect that large quantities of marihuana were available in the vicinity of Nuevo Laredo, Mexico, but that marihuana was scarce in Laredo, Texas. He contends that the testimony was contrary to "findings" by the Supreme Court in its *Leary* opinion, see 395 U.S. at 40, 89 S. Ct. 1532, 23 L.Ed.2d 57, and represented an opinion that the agent was not qualified to express. The extent of the agent's knowledge was developed on both direct and cross-examination. The court properly ruled that the objections related to the weight rather than the admissibility of the testimony.

■ Another government witness referred to Espinoza as a "narcotics dealer." Appellant complains that the reference was prejudicial. It was, however, admissible if supported by a proper foundation and if the trial judge determined that the probative value of the remark outweighed its prejudicial effect. The transcript indicates that the testimony was based on the witness's first-hand knowledge of Espinoza's business activities; nevertheless, the judge instructed the jury to disregard the remark. Appellant was not entitled to, and did not request, any further relief.

■ Finally, appellant makes a hearsay objection to the admissibility of the money order receipt found in his possession at the time of his arrest. The document purported to evidence a remittance of $600 on September 7, 1967, by one Abel Garcia to one Jose Espinoza at 5642 Calle Gonzalez, Nuevo Laredo, Mexico. Appellant had no opportunity to cross-examine the remitter. For purposes of determining its admissibility, however, we may assume that the document was a forgery and that no money was actually sent to Mexico by appellant, or even by Abel Garcia. The fact that the document was in appellant's possession when he inspected 300 pounds of merchandise in unlabeled sacks in a mo-

"The phrase 'intent to defraud' used in the crime charged means that the act was done knowingly with the specific purpose to deceive in order to avoid declaring and invoicing the marijuana. "You're instructed that this Defendant is not charged with the offense of possessing marijuana. He's not charged with that. The mere possession of marijuana by the Defendant is not sufficient to support a finding of guilty unless you find that all the elements of the crime charged against him have been proved.

"As an essential element of the offense lodged against the Defendant, it must be proved to you beyond a reasonable doubt that this Defendant had knowledge that this 40 pounds of marijuana were imported and brought into the United States contrary to law."

**474**

tel shower stall tends to establish appellant's knowledge of Espinoza's connection with the transaction. The hearsay objection was properly overruled. Cf., Brown v. United States, 403 F.2d 489, 491 (5th Cir. 1968) cert. denied 397 U.S. 927, 90 S.Ct. 932, 25 L.Ed.2d 106.

The judgment is affirmed.[13]

---

13. The Court expresses its thanks to Victor Cairo, of the Wisconsin Bar, for his diligent and effective representation of appellant pursuant to court appointment.