UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Lee KEEFER, Defendant-
Appellant.

No. 71–1176.

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 1972.

Decided July 24, 1972.

**1386**

Sam Adam, Arnette Hubbard, Edward M. Genson, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., John Peter Lulinski, Jeffrey Cole, Gordon B. Nash, Jr., Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Circuit Judge, PELL, Circuit Judge, and GORDON, District Judge.*

MYRON L. GORDON, District Judge.

After a jury trial, the appellant was convicted of violations of two federal narcotic laws, 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. The appellant urges the reversal of his convictions for alleged trial errors concerning (1) limitations on his cross-examination of the government's principal witness; (2) the court's refusal to grant a one-day continuance of the trial to compel the attendance of a Chicago police officer who had failed to respond to a subpoena; and (3) the admission of a "history sheet" into evidence. In addition, the appellant contends that the proof is insufficient to establish his guilt beyond a reasonable doubt. We affirm the convictions.

The scope of cross-examination was discussed by this court in United States v. Lawinski, 195 F.2d 1, 7 (7th Cir. 1952):

"These relaxations of the general rule governing the proper scope of cross-examination, however, obviously cannot be defined with certainty to fit all occasions; their extent and limitations will depend upon the particular facts and circumstances of the case on trial. Generally, therefore, it is recognized that determination of where those limitations lie is within the sound discretion of the trial court. It is for the presiding judge to exercise a wise discretion in determining whether, considering the examination in chief, it is fit and proper that the questions presented be permitted or excluded. Storm v. United States, 94 U.S. 76, 24 L.Ed. 42. All the decisions agree that the latitude allowed should be great enough to subserve ends of justice; but once fixed by the trial court it can not be deemed erroneous except where it is clear that that discretion has been abused, even though the discretion is necessarily vague in extent."

See also United States v. White, 454 F. 2d 435 (7th Cir. 1971); United States v. Spatuzza, 331 F.2d 214 (7th Cir. 1964).

John Carter, a co-defendant in the action at bar, previously pleaded guilty to and was awaiting sentencing for federal narcotic law violations which arose out of the instant transactions. Carter testified that he and the appellant had a "business relationship" since March, 1969 in connection with traffic in narcotics and that he (Carter) made approximately six trips to New York for

* District Judge Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

the purpose of transporting narcotics. The last such trip, according to Carter, was made by him during May, 1969— over four months before the transactions occurred which resulted in the indictment of the appellant.

During Carter's cross-examination, the court sustained the government's objection to questions concerning the names of the persons from whom Carter had purchased narcotics in New York on the ground that it was not relevant to any issues in the indictment. In addition, the court sustained the government's objection to questions concerning the reputation of one Grover MacMillan, who was arrested with the appellant on October 16, 1969.

Although the appellant argues, with some cogency, that the trial court should have permitted inquiry into these areas, we find that the court's rulings were within its discretion and do not warrant reversal of the convictions.

The appellant also assigns error to the refusal of the trial court to grant a one-day continuance during the trial to compel the attendance of one Willis Nance, a Chicago policeman, who had failed to respond to a subpoena. It is claimed by Mr. Keefer that the attendance of this police officer was necessary in order to impeach the credibility of Carter; the latter testified that he had not sold heroin subsequent to the time he agreed to become a government witness. The appellant then made an offer of proof that Officer Nance would testify that a reliable informant had stated that such informant had purchased heroin from Carter on July 29, 1970 and also that Officer Nance executed a search warrant at Carter's apartment on the same date, seizing a quantity of marijuana.

We hold that it was not error to have refused the requested adjournment. Character impeachment by proof of alleged misconduct which has not resulted in a conviction of an offense involving moral turpitude must be limited to the cross-examination of the witness whose credibility is under attack. United States v. Lawler, 413 F.2d 622 (7th Cir. 1969); United States v. Battaglia, 394 F.2d 304 (7th Cir. 1968), vacated and remanded on other grounds, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969); United States v. Bowe, 360 F.2d 1, 14 (2d Cir. 1966); United States v. Sweeney, 262 F.2d 272 (3d Cir. 1959). In *Sweeney*, the court stated at page 277:

" . . . when a witness is cross-examined for the purpose of discrediting his veracity by proof of specific acts of misconduct not the subject of a conviction, the examiner must take his answer as it is given and is not free to bring in independent proof to show that the answer was untrue. McCormick § 42 at n. 21; 3 Wigmore §§ 977, 979."

From the appellant's offer of proof, it is clear that almost all of the officer's proposed testimony would be inadmissible as hearsay. United States v. Castro, 438 F.2d 468 (7th Cir. 1971).

We reject the appellant's contentions that reversal of his convictions is required because of the admission into evidence of the appellant's "history sheet". This document was prepared by the arresting narcotic officers during an in-custody interrogation subsequent to the appellant's signing a "waiver of rights" form. The appellant does not claim that the waiver of rights form was not signed voluntarily but contends that the information was given as a pre-condition to bail. The history sheet revealed that the appellant identified himself as "Robert Lee Keefer"; that he was also known as "Robert Lee James", and that he had the nickname "Jabbo"; that he had three addresses; and that he drove a certain automobile.

The trial court denied the appellant's motion to suppress the history sheet after a hearing outside the presence of the jury. This court will accept the findings of a trial court unless they are clearly erroneous. United States v. Ganter, 436 F.2d 364, 368 (7th Cir. 1970). The trial court's order admitting

the history sheets was not clearly erroneous, and, furthermore, even if it were, it would be harmless error for there is ample evidence in the record which independently establishes facts contained on the sheet.

◼◼ The contention that the proof received at the trial failed to establish the appellant's guilt beyond a reasonable doubt is without merit. We must view the evidence in the light most favorable to the government and must sustain the findings of the jury if there is substantial evidence to support its verdict. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The jury apparently chose to disbelieve the appellant and instead believed the testimony of Carter, and, thus, the jury could properly find that the appellant supplied narcotics to Carter for sale and shared in the proceeds. Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949).

Affirmed.