**Merlon S. HINES, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 72–3200
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit,
Feb. 8, 1973.

Rehearing and Rehearing En Banc Denied
March 19, 1973.

---

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Donald L. Kraemer, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., Thomas M. Pollan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of federal habeas relief to a Texas state prisoner, Merlon S. Hines, who was convicted of attempted burglary in 1969 and who is currently serving a life sentence imposed pursuant to the Texas habitual offender statute, Vernon's Tex. Penal Code Ann. art. 63. Appellant's conviction was affirmed on direct appeal, Hines v. State of Texas, Tex.Cr. App.1970, 458 S.W.2d 666, and after exhausting his state remedies, appellant brought the instant habeas action alleging, *inter alia*, that he had been "subjected to an unconstitutional identification process." The United States District Court studied the record and denied relief without having conducted an evidentiary hearing, and we affirm.

Appellant's primary contention is that the complaining witness had been taken by the police to appellant's place of employment, where the witness identified appellant as the would-be burglar, and that as a result of this allegedly illegal out-of-court identification, the witness' subsequent in-court identification of appellant was so tainted as to render its use impermissible. The State of Texas insists that regardless of whether the earlier identification process was constitutionally infirm, appellant is not entitled to relief if the in-court identification was independent of and not influenced or tainted by the improper "line-up." We agree, and we thus need not decide whether the first identification procedure can pass constitutional muster. We have only recently had this precise point before us in Robinson v. State of Alabama, 5 Cir. 1972, 469 F.2d 690, where we said:

"United States v. Wade, 388 U.S. 218, [87 S.Ct. 1926], 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, [87 S.Ct. 1951], 18 L.Ed.2d 1178 (1967), do not apply, since the lineup was held prior to institution of the judicial criminal proceedings against him. Kirby v. Illinois, 406 U. S. 682, [92 S.Ct. 1877], 32 L.Ed.2d 411 (1972). However, he is entitled to relief if the identification procedures were 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to be a denial of due process. Stoval v. Denno, 388 U.S. 293, [87 S.Ct. 1967], 18 L.Ed.2d 1199 (1967) . . . . [Assuming that the line-up was not fairly conducted, a] determination is then required as to whether the in-court identification was influenced by the suggestive line-up. Foster v. California, 394 U.S. 440, [89 S.Ct. 1127], 22 L.Ed.2d 402 (1969)."

The court below studied both the record and what was said by the Texas Court of Criminal Appeals and concluded that "the record permits an informed judgment that the in-court identification was of independent and untainted origin." That finding is not "clearly erroneous," *e. g.*, Carroll v. Beto, 5 Cir. 1968, 402 F.2d 61, cert. denied, 396 U.S. 854, 90 S.Ct. 115, 24 L.Ed.2d 103; accordingly, the case must be affirmed.

Affirmed.