**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arnulfo RODRIGUEZ,
Defendant-Appellant.**

No. 74–2387.

United States Court of Appeals,
Fifth Circuit.

March 21, 1975.

Rehearing and Rehearing En Banc
Denied June 3, 1975.

Sam A. Westergren, Jr., Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U.S. Atty., Edward B. McDonough, B. Stephen Rice, James R. Gough, Mary L. Sinderson, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM and DYER, Circuit Judges, and KRAFT*, District Judge.

PER CURIAM:

Rodriguez seeks reversal of his conviction for the distribution of 17 grams of heroin in violation of 21 U.S.C. § 841(a)(1). On this appeal Rodriguez claims that he was denied his right to a speedy trial, that the identification of him by a Drug Enforcement Administration agent was tainted, and that he was denied a fair trial because of various alleged errors on the part of the trial court. We have carefully reviewed the record and, finding these contentions to be without merit, affirm.

On May 10, 1973, Agent Havens of the Drug Enforcement Administration, working undercover in Corpus Christi and accompanied by an informant, Pedigo, picked up Rodriguez' co-defendant Storbeck in Havens' car. Havens was to buy an ounce of heroin and was to pay Storbeck to be his contact with the source. The three met a 1965 red Plymouth in which there were two persons. As Storbeck went over to the Plymouth the passenger was recognized as co-defendant Adame. Storbeck got into the car, gave the money to Adame, and the red car drove off. When the car returned, Storbeck got out and returned to Havens' car, delivering the 17 grams of heroin. At that time, Havens observed the driver, whom he later identified from police photographs, as Rodriguez.

Rodriguez' defense was mistaken identity. Storbeck testified that he did not know either of the individuals in the red Plymouth. Sam Garcia, owner of the car, testified that he had never loaned the car to Rodriguez, but that Rodriguez was a friend of his brother, Guadalupe, who often used the car. Rodriguez attempted to introduce the criminal record of Guadalupe Garcia, but was not permitted to do so by the court. Rodriguez did not testify at the trial.

The offense occurred on May 10, 1973. An indictment was returned on July 25, 1973. Rodriguez was arrested on August 3, 1973, and remained incarcerated until trial, unable to make $1,000 bond. He filed a pro se motion for speedy trial on September 17, 1973. An attorney was appointed on September 19. A superseding indictment had been returned on September 7. Arraignment took place on September 24. A motion for discovery was filed on October 15, and was partially denied and partially granted on November 8. A motion to dismiss for

---

* Senior District Judge of the Eastern District of Pensylvania, sitting by designation.

lack of speedy trial was filed on February 11, 1974, and a hearing on the motion was held on March 15. The motion was denied on March 28. The jury was chosen on April 15, and trial was concluded on April 23, 1974.

■ Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), sets out the criteria by which courts are to judge whether a defendant has been denied the right of speedy trial. They are: (1) length of the delay; (2) reason for the delay; (3) whether or not the defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant. Here Rodriguez came to trial within a year from the date of the offense. The court noted in its reasons for denying the motion that it had an extremely crowded docket, and that there was no Assistant United States Attorney permanently assigned to the Corpus Christi division. *See* United States v. Rodriguez, 497 F.2d 172 (5 Cir. 1974). Rodriguez has made no showing that he was prejudiced by the delay. Neither at the time of his arrest nor at any time since has he been ·able to account for his whereabouts on the day in question. The three-month delay between the offense and indictment is governed strictly by the statute of limitations. United States v. Judice, 457 F.2d 414 (5 Cir. 1972). Another three months or so was taken up with various motions. Rodriguez has not shown prejudice which would amount to a denial of due process of law. United States v. Davis, 487 F.2d 112 (5 Cir. 1973).

■ After the drug purchase, Agent Havens selected Rodriguez' picture from police photographs. At trial, he testified that his identification was based on his independent recollection, though he did keep Rodriguez' picture in his case file. In Hines v. Beto, 473 F.2d 1034 (5 Cir. 1973), we held that the existence of an independent basis of in-court identification obviates the necessity of considering the constitutionality of the pretrial identification.

■ Rodriguez claims he was prejudiced when Agent Havens testified that he secured information as to appellant's middle name and birthdate from "the criminal transcript." There was objection to this statement. The court overruled the objection stating that Rodriguez' counsel had opened the door by asking a question which elicited the statement. This was not error.

■ Rodriguez next asserts that he should have been allowed to introduce into evidence the criminal record and driver's license of Guadalupe Garcia to support his defense of mistaken identity. He desired to prove that he and Garcia were similar in appearance and that it must have been Garcia that Havens had seen in the car. The court would not allow the criminal record or driver's license in evidence, ruling that the offer of proof was inconclusive and lacking in materiality and that it would tend to divert the attention of the jury from the facts of the case on trial. It was not shown that Garcia was unavailable as a witness. Apparently he could have been called on Rodriguez' behalf. The jury could have observed the physical appearance of the two men firsthand. In these circumstances, the court did not abuse its discretion.

■ After the jury retired to deliberate, they requested that testimony concerning the driver of the red Plymouth be read to them. This testimony was reread. Later, the jury asked for the judge's definition of reasonable doubt. The court had given a lengthy instruction on reasonable doubt, and refused to repeat the instruction. It is not an abuse of discretion by the trial court to refuse to repeat an instruction when the jury has already been given complete instructions on the subject. United States v. Middlebrooks, 431 F.2d 299 (5 Cir. 1970); Eisenhardt v. United States, 406 F.2d 449 (5 Cir. 1969). Rodriguez conceded that the instruction was complete.

A review of the record reveals no reversible error.

Affirmed.