Henry JOHNSON, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.

No. 75–2509
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1975.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

J. Norman White, Lakeland, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Miami, Fla., Mary Jo Gallay, Tampa, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Petitioner Johnson brought this habeas corpus action under 28 U.S.C. § 2254, complaining that he was denied due process of the law in his Florida robbery trial in that the perception of the state's two major witnesses, both of whom made in-court identifications of him, was influenced by suggestive pretrial photographic identification procedures.

Identification procedures may be "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to deny a criminal defendant due process of law. *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). However, "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19

L.Ed.2d 1247 (1968). The district court found that the photographic identification procedure used in Johnson's case was "close to, if not over, the line of suggestiveness," and for the purpose of this appeal we assume, without deciding, that it was. Nevertheless, we affirm the denial of the writ, for "impermissible suggestiveness" does not necessarily give rise to "a very substantial likelihood of irreparable misidentification." Such is the case when a witness' in-court identification is based upon a source independent of the suggestive photographic display(s). Thus the law of this circuit, implied if not stated on numerous occasions,[1] is that "the existence of an independent basis of in-court identification obviates the necessity of considering the constitutionality of the pretrial identification." *United States v. Rodriguez*, 510 F.2d 1, 3 (5th Cir. 1975).[2]

 Reviewing the record in the state court, which held a full hearing on the source of the in-court identification of the two witnesses, our district court concluded that there was no substantial risk of misidentification of Johnson because each witness' identification was based upon a source independent of the photographs, the confrontation at the scene of the robbery. This was a credibility choice based upon fully developed evidence. It was not clearly erroneous, and it will not be disturbed upon appeal. *See United States v. Allen*, 497 F.2d 160, 163 (5th Cir.), *cert. denied*, 419 U.S. 1035, 95 S.Ct. 520, 42 L.Ed.2d 311 (1974).

Affirmed.

---

1. *E. g., Strader v. Estelle*, 491 F.2d 969 (5th Cir.), *cert. denied*, 419 U.S. 994, 95 S.Ct. 305, 42 L.Ed.2d 266 (1974); *Hines v. Beto*, 473 F.2d 1034 (5th Cir.), *cert. denied*, 414 U.S. 870, 94 S.Ct. 93, 38 L.Ed.2d 89 (1973); *Robinson v. Alabama*, 469 F.2d 690 (5th Cir. 1972), *cert. denied*, 411 U.S. 909, 93 S.Ct. 1539, 36 L.Ed.2d 199 (1973); *Perry v. Texas*, 456 F.2d 879 (5th Cir.), *cert. denied*, 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1972).

2. Johnson has asked us to abandon this position and adopt the holding of *Rudd v. Florida*, 343 F.Supp. 212, 220 (M.D.Fla.1972) that "any simultaneous identification of a suspect by two

or more witnesses in the presence of each other is so impermissibly suggestive as to amount to a denial of due process, and any subsequent in-court identifications must be subjected to a *per se* exclusionary rule." We specifically declined to embrace such a *per se* rule in affirming, *Rudd v. Florida*, 477 F.2d 805, 812 (5th Cir. 1973), and here emphatically reject it again for the reasons stated at 477 F.2d 812.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.