Jay William MARDEN, Appellant,

v.

E. Wilson PURDY, as Sheriff of Dade County, Florida, Appellee.

E. Wilson PURDY, as Sheriff of Dade County, Florida, Appellant,

v.

Jay William MARDEN, Appellee.

No. 26152.

United States Court of Appeals
Fifth Circuit.

April 10, 1969.

Joe N. Unger, Ray H. Pearson, Frates, Fay, Floyd & Pearson, Miami, Fla., for appellant.

Richard E. Gerstein, State's Atty., Harold Mendelow, Asst. Atty. Gen. of Florida, Miami, Fla.; Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellee.

Before THORNBERRY and AINS- WORTH, Circuit Judges, and DAW- KINS, District Judge.

THORNBERRY, Circuit Judge.

Appellant Jay William Marden was convicted of robbery in a Florida state court. His direct appeal was unsuccess- ful and it is agreed that available state remedies have been exhausted. His petition for writ of habeas corpus pur- suant to 28 U.S.C. § 2254 was denied without hearing by the court below. On appeal, he persists in assertions made below that his motion to suppress evi- dence in state court was improperly de- nied and that a post-arrest identification procedure was unconstitutional.

By way of a cross-appeal, the State maintains that its motion to dis- miss for want of federal jurisdiction was improperly denied. This contention is based on the "in custody" requirement of section 2254: At the time appellant filed his petition in the court below he was free on cash bond and was not truly in the custody of the sheriff to whom the petition was directed. We agree with the district court that the use of habeas corpus is not restricted "to situations in which the applicant is in actual, physical custody", Jones v. Cunningham, 1963, 371 U.S. 236, 239, 83 S.Ct. 373, 375, 9 L.Ed.2d 285, and that the bond was a sufficient restraint on this applicant's liberty to support habeas jurisdiction. In Jones v. Cunningham, the Court held the "in custody" requirement to be satis- fied by an applicant who is on parole, and in Foster v. Gilbert, S.D.Fla.1967, 264 F.Supp. 209, a district court sus- tained habeas jurdisdiction as to an ap- plicant who has been released in the custody of his attorney. Recently, the Supreme Court held in Carafas v. La- Vallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 that habeas jurisdiction in a case that has not been finally de- cided is not terminated by the uncondi- tional release from prison of an applicant who was in custody when he filed his petition. This is a further indication that actual physical confinement is not a prerequisite to habeas jurisdiction. We agree with the court below that there is sufficient predicate in the cases for holding that an applicant free on bond satisfies the "in custody" requirement. As the court observed, there is no logical reason why such an applicant should be required to surrender himself into actual custody in order to invoke the jurisdic- tion of a federal court.

Appellant's first contention is that the fruits of the crime discovered in a search of his person should have been sup- pressed by the state court because the arrest was illegal. The relevant facts are that shortly after the robbery appellant was arrested in an unincorporated area of Dade County, Florida by officers of the Miami Shores Police Department. The robber had been described to the officers by the victim, who was in charge of a realty office, and a nearby liquor store operator as a man wearing tennis shoes and a blue windbreaker. About 500 yards from the scene of the crime, they came upon a man fitting this des- cription. Appellant immediately raised his arms in surrender, revealing a gun under his windbreaker as he did so. He was arrested instantly. An arrest war- rant signed three days later by one of the officers recited that the arrest was for "possession of a weapon without a permit." The problem created by the face of the warrant—a problem which led a justice of the peace to grant a motion to suppress at a preliminary hearing— is that Miami Shores policemen have no authority to arrest a person in an unin- corporated area of Dade County for car- rying a weapon without a permit. So far as this offense was concerned, the officers were outside their jurisdiction. But after a hearing in the state trial court, the trial judge denied the motion to suppress on the basis of testimony by one of the officers to the effect that the arrest was for "carrying a concealed weapon." This offense comes under a Florida breach-of-the-peace statute which gives arrest power to any police officer or even a private citizen.

We are unable to agree with appellant that he is entitled to an evidentiary hearing in federal court on the reason for his arrest. There was a full evidentiary hearing in the state trial court and the decision of the court below was based on the transcript of that hearing. Both trial judges concluded that the arrest was legal because undisputed evidence established probable cause to arrest appellant for carrying a concealed weapon and an officer testified that this was the basis for the arrest. We are in agreement with the court below that no purpose would be served by an additional hearing: Certainly the fact that the police saw a gun under appellant's windbreaker when he raised his arms gave them probable cause to make an arrest for carrying a concealed weapon and the officer was unequivocal in his testimony that this was the reason for the arrest. If given an additional hearing, appellant could do no more than fall back on the recitation in the arrest warrant that he was arrested for possession of a weapon without a permit. This recitation, which must be explained either as a mistake or an afterthought on the part of the officers, is not of sufficient magnitude to taint the arrest when undisputed evidence shows that the officers had probable cause for a legal arrest.

After making the arrest, the officers drove appellant back to the scene of the crime where he was identified by the victim and the liquor store operator. In challenging this identification, appellant recognizes he cannot argue that he should have been advised of his right to counsel prior to the identification because United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Rivers v. United States, 5th Cir. 1968, 400 F.2d 935, the cases which might afford him that right, apply only to confrontations after June 12, 1967 while the arrest here was in 1965.[1] But Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 emphasizes that any identification procedure can be held invalid if it violates due process when viewed in the totality of the circumstances. In this case, however, there was nothing unusual about the identification: Appellant was driven back to the scene of the crime in a police car and identified by the two people who had seen him. Viewing the totality of the circumstances, we cannot say that there was a violation of due process.

Affirmed.

---

1. United States v. Wade was held to be prospective in Stovall v. Denno. Rivers v. United States is based on *Wade*.