**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ralph Marino VALDEZ, Robert Ray Stroup, and Floyd Herman Randall, Defendants-Appellants.**

**No. 27050**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1969.

P. C. Andrews, Jr., Thomasville, Ga. (Ct. Apptd.), for Valdez.

Ronald A. Cohen, Thomasville, Ga. (Ct. Apptd.), for Stroup.

Henry Gonzalez, Tampa, Fla., for Randall.

Floyd M. Buford, U. S. Atty., Walker P. Johnson, Jr., Macon, Ga., for appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

■ The appellants were indicted on August 5, 1968, on four counts of interstate transportation of stolen motor vehicles. Trial was commenced on November 20, 1968, and on November 22, 1968, verdicts of guilty were returned as to all defendants on all counts. From the judgments entered on those verdicts the appellants prosecute these appeals. We affirm.[1]

There are three issues presented by this appeal: (1) Was the evidence sufficient to support the verdict? (2) Did the trial court err in denying the defense motions for severance? (3) Did the trial court err when it denied appellant Randall's motion for a continuance?

As to the first issue, without reciting the numerous facts on the record and taking the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), there is ample evidence to support the verdict on each count. Four cars were shown to be stolen and were shown to have passed through the hands of one Holland. The cars were verified by identification numbers and Holland identified the defendants. Randall and Valdez each admitted the violation as to two cars. Stroup denied complicity. Stroup's statement was for consideration by the jury in light of Holland's testimony.

■ As to the second issue, the granting of a severance is generally left to sound discretion of the trial judge. Milam v. United States, 322 F.2d 104 (5th Cir. 1963).

■ In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that in certain situations, where extremely incriminating statements of a codefendant are deliberately placed before the jury, there is a great risk that the jury will not or cannot follow instructions. Such joint trials are a denial of due process. In the present case, however, it appears that the government, rather than placing incriminating matters before the jury, made every effort to prevent the introduction of tainted evidence and preserve the integrity of the trial. The record of testimony discloses a concerted effort on behalf of at least one defense counsel to interject statements incriminating codefendants in an obvious effort to give

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

"validity" to their prior severance motion. The record further reveals that these attempts at cross incrimination by codefendants were not necessary to their defense. In one instance counsel for Randall deliberately sought to elicit the names of the codefendants in violation of a clear and direct instruction by the court issued just prior to the attempt to elicit the names.[2] During this time counsel for Stroup and Valdez made no objection. The United States Attorney, however, objected before the names were spoken. In response to the prosecution's objection the defense counsel had the temerity to respond:

> "Your Honor, I want to correct one thing that Mr. Buford has just said here. I did not violate Your Honor's Orders; Your Honor ordered him not to answer, didn't order me not to ask."

■■ The third and final ground involves defendant Randall's motion for a continuance. The denial of a continuance, standing alone, does not constitute a denial of effective assistance of counsel and there is no specified time interval which must come between appointment of counsel and trial. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L. Ed. 377 (1940). The granting or denial of a continuance rests in the sound discretion of the trial judge. Avery v. Alabama, supra.

■ In the present case the record shows the following circumstances: Randall was arrested and given a Commissioner's hearing in Tampa, Florida, on October 25, 1968. This event was actual notice of the case pending against him. Upon arraignment on November 8, 1968 at Thomasville, Georgia, Randall indicated a clear understanding that the trial was to begin November 18, 1968 and advised the court of his desire to retain private counsel. The trial judge repeatedly emphasized the need to obtain counsel quickly.[3]

At trial on Monday, November 18, 1968 counsel for Randall moved for a continuance stating that he was retained the previous Thursday. The motion was denied. The prosecution offered to give counsel a list of all witnesses for the government and to assist in securing any witnesses needed by the defense. The prosecution also offered to outline his case for counsel.

2. The instruction was as follows:

> "THE COURT: I suggest to the witness, as I have already suggested to the witness, even though counsel has suggested that you use the names of other people, I'm suggesting to you that you do not use the names of other people, unless those people were present when this interview was had with the defendant Randall, because of the principles that I previously enunciated; in other words, don't use the names of people. You can say, for instance, if he told you that he together with somebody else who he named, it will be satisfactory if you simply said that he together with another person or with other persons but, as a protection to those other persons, I suggest that you not call their specific names."

3. A portion of the arraignment proceeding follows:

> "THE COURT: All right, then it's up to you fellows to get busy and get you a lawyer. You're representing to me now that you're going to obtain counsel?

> MR. RANDALL: Yes sir.

> THE COURT: When the case is called for trial, I want you to be ready to go to trial.

> MR. VALDEZ: Your Honor, the 18th, that don't give me time enough to get around to get a lawyer; I would like to have a little more time with the Court's permission.

> MR. RANDALL: It's only been approximately 11 or 12 days, Your Honor, since we got the papers.

> MR. VALDEZ: That don't give us time, Your Honor, concerning it.

> THE COURT: Well, that's over two weeks. It's represented to me that you had this preliminary hearing on October 25; so, by the 18th that would have been three weeks.

> MR. RANDALL: The 25th is when the bond was made, Your Honor.

> THE COURT: Well, I mean you've known that the case was coming up; you would have known it about three weeks which is ample time to get a lawyer."

The present case was by no means a difficult or complex piece of litigation. The appellant Randall was given repeated notice, in advance of trial, of the fact that he should secure counsel at once. Furthermore, a close examination of the motion for a continuance fails to reveal sufficient cause asserted, at trial, for the granting of a continuance. Under these circumstances the denial of a continuance was not a violation of discretion and failed to prejudice appellant Randall. Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), rehearing denied, 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217; Gardiner v. United States, 321 F.2d 159 (5th Cir. 1963); Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375 (1941), cert. denied, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199.

Affirmed.