**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Charles DAVIS, Defendant-
Appellant.**

No. 72–1604
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1972.

J. Paul Lowery, Montgomery, Ala. (Court appointed), for defendant-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Montgomery, Ala., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury on a one-count indictment charging him with transporting a motorcycle in interstate commerce knowing the same to have been stolen in violation of 18 U.S. C.A., § 2312. We affirm.

The evidence was entirely sufficient to warrant the conviction. Contrary to appellant's assertion, the district court did not err in admitting evidence showing his connection with the theft of another motorcyce on the same evening as the stolen motorcycle which was the subject matter of the indictment. Evidence of other criminal acts is admissible to show knowledge and intent when accompanied, as here, with proper instructions. United States v. McGlamory, 5 Cir., 1971, 441 F.2d 130, 136–137; United States v. Pittman, 5 Cir., 1971, 439 F.2d 906, 908.

Appellant also argues that the trial court committed reversible error in sustaining the government's hearsay objection to an extrajudicial statement of a co-defendant offered by a defense

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

witness. The proffered statement was that the co-defendant (who plead guilty and testified for the government), stated some three months prior to the crime in question that he intended to steal the same motorcycle. This co-defendant was not asked about the statement during his testimony. It was not offered to impeach him. It was offered to substantiate the contention that the motorcycle was stolen by the co-defendant rather than by appellant. The invalidity of this argument is seen in the fact that appellant was charged only with transporting the stolen motorcycle. In no event did this ruling rise to the level of harmful error.

Affirmed.