**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Julian Onisio GONZALEZ, Defendant-**
**Appellant.**

**No. 71–2932**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

George B. Weires, Miami, Fla. (Court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

WISDOM, Circuit Judge:

The appellant, Julian Onisio Gonzalez, was found guilty after a jury trial of knowingly causing a stolen motor vehicle to be transported in interstate commerce in violation of the Dyer Act, 18 U.S.C. § 2312. He alleges numerous errors on this appeal. We affirm.

Gonzalez contends that the delay of two years between the time of his arrest and the time of his trial amounted to a denial of his constitutional right to a speedy trial. The delay in this case was not unjustified, however. At the time of his arrest Gonzalez was absent without leave from the armed forces, and prosecution was withheld pending action by military authorities. In any event it is the settled law in this Circuit that the right to a speedy trial does not accrue until after the indictment has been brought and prosecution initiated. *See* Kroll v. United States, 5 Cir. 1970, 433 F.2d 1282; United States v. Grayson, 5 Cir. 1969, 416 F.2d 1073, cert. de-

nied, 1970, 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753.

Gonzalez also complains of the government's failure to disclose the name of one Antonio Miro, a/k/a Pedro or Pepe Martinez, and information pertaining to his whereabouts. He contends that Miro, as the person who allegedly hired him to drive the stolen car from New York to Florida, might have given testimony which would tend to exculpate him. He relies heavily on Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, which held that suppression by the prosecution, whether or not in good faith, of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment. *Brady* does not impose on the prosecution a general duty to help the defense find witnesses who might be favorable to the defendant. *See* United States v. Jordan, 2 Cir. 1968, 399 F.2d 610, 615; United States v. Callahan, 1969, S.D.N.Y., 300 F.Supp. 519, 525. There are no indications either in the record in this case or in the appellant's brief that Miro either disclosed any favorable information to the government or would have testified in appellant's favor. Indeed, the appellant's motion for discovery and inspection made no specific request for Miro's name or whereabouts; instead, it asked in general terms for the "names and addresses of all persons having knowledge pertaining to the facts of this case." In effect the appellant was asking the government to simplify his task of evidence-gathering. No prejudice to the appellant resulted from the government's refusal to join this fishing expedition. *Cf.* United States v. Bland, 5 Cir. 1970, 432 F.2d 96, cert. denied, 1971, 401 U.S. 912, 91 S.Ct. 877, 27 L.Ed.2d 810; United States v. Cobb, 1967, S.D.N.Y., 271 F.Supp. 159, 161.

For similar reasons we find no prejudice in the court's refusal to conduct an in camera inspection of the government's file to locate material favorable to the defendant. Applications for relief under the discovery rules are matters within the discretion of the trial court, *see* Gevinson v. United States, 5 Cir. 1966, 358 F.2d 761, cert. denied, 1966, 385 U.S. 823, 87 S.Ct. 51, 17 L.Ed.2d 60, and in the circumstances we find no abuse of that discretion. At the trial the prosecutor and the FBI agent in charge of the case stated they were not aware of any information favorable to the defendant. The government's denial that it possessed any undisclosed exculpatory evidence was ample justification for the trial judge's refusal to make an in camera inspection of the government's file, given the absence of any particularized showing by the defendant of materiality or usefulness. *See* United States v. Evanchik, 2 Cir. 1969, 413 F.2d 950, 953.

Gonzalez further contends that the trial court committed reversible error by requiring him to request and receive in the presence of the jury a statement to which he was entitled under the Jencks Act, 18 U.S.C. § 3500. While in some cases the better practice may be to handle Jencks Act material out of the jury's presence, the determination whether to excuse the jury is a question within the sound discretion of the trial judge. *See* Beaudine v. United States, 5 Cir. 1969, 414 F.2d 397, 403. We find no prejudice or abuse of discretion here sufficient to warrant reversal. *See* United States v. Kahn, 2 Cir. 1966, 366 F.2d 259, cert. denied, Pacelli v. United States, 1966, 385 U.S. 948, 87 S.Ct. 321, 17 L.Ed.2d 226, rehearing denied, Schawartzberg v. United States, 1966, 385 U.S. 984, 87 S.Ct. 502, 17 L.Ed.2d 445.

We further find no reversible error in the trial judge's refusal to admit into evidence a copy of the registration certificate of the automobile which Gonzalez allegedly stole. Admissibility of evidence is a matter within the broad discretion of the trial Court. Cotton v. United States, 8 Cir. 1966, 361 F.2d 673, 676. The refusal to admit the copy of the registration certificate into evidence caused little if any harm to Gonzalez,

since he was permitted to testify as to its contents. We are therefore unwilling to hold that the trial court abused its discretion.

Gonzalez raises two more contentions: that the trial court erred in refusing to permit him to question witnesses as to the mode of operation of a ring of car thieves which, he alleges, used him as an unwitting accomplice; and that the trial court generally acted in a prejudicial manner toward him throughout the trial. We have examined these contentions and find them to be without merit.

The judgment of the district court is affirmed.