Cornell **ROBINSON**, Petitioner-Appellant,

v.

**STATE OF ALABAMA**, Respondent-Appellee.

No. 72–2183

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1972.

---

Cornell Robinson, pro se.

William J. Baxley, Atty. Gen., Don C. Dickert, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Appellant, an Alabama state prisoner, appeals from the District Court's denial of his petition for the writ of habeas corpus. We affirm.

Appellant is serving a 29-year sentence for robbery imposed March 27, 1968. The conviction was affirmed on direct appeal. Robinson v. State, 45 Ala.App. 236, 228 So.2d 850 (1969). A petition to the trial court for writ of error coram nobis was denied after evidentiary hearing. The Alabama Court of Criminal Appeals affirmed without a written opinion. Robinson v. State (8th Div. 211, Jan. 11, 1972) (unreported judgment). Appellant then filed his ha-

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

beas petition alleging that (1) he was deprived of counsel at the time his photograph was displayed to the victim and at a lineup; (2) the lineup was unfairly constituted; (3) the state denied him an appeal from the denial of his petition for the writ of coram nobis; and (4) he was denied counsel for the coram nobis appeal.

Without evidentiary hearing the District Court denied the petitions.

 United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), do not apply, since the lineup was held prior to institution of the judicial criminal proceedings against him. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). However, he is entitled to relief if the identification procedures were "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to be a denial of due process. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Among its findings the court below stated, "Based upon Petitioner's allegations which are not contradicted, the line-up was not fairly conducted." A determination is then required as to whether the in-court identification was influenced by the suggestive line-up. Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). The court went on to find from the testimony of the victim at the coram nobis hearing that the in-court identification was not tainted by the prejudicial lineup or the display of photographs. The transcript of that hearing does not sufficiently support that finding. We have, however, obtained and have examined the state trial transcript which contains a large body of evidence demonstrating that the in-court identification of appellant by the victim was of an origin independent from and uninfluenced by the lineup.

Appellant's remaining allegations are without merit.

Affirmed.