UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest Lee ABSHIRE, Defendant-
Appellant.

No. 72–1867
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty. Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

C. Ronald Patton, Rome, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Richard H. Still, E. Ray Taylor, Jr., Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Appellant Ernest Lee Abshire was convicted of the interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C.A. § 2312 (the Dyer Act), and of the interstate transportation of a firearm by a felon, in violation of 18 U.S.C.A. Appendix § 1202(a)(1). We affirm.

On appeal, Abshire contends that the District Court erred by (1) refusing to grant him a continuance, (2) admitting a jailer's testimony that revealed a prior criminal record, (3) refusing to sever his Dyer Act trial from his firearm trial, (4) admitting eyewitness identification evidence, and (5) refusing to order the government to produce two defense witnesses. Additionally, as a sixth point, Abshire argues that the evidence was insufficient to support his firearm conviction.

(1) The general rule is that a motion for a continuance is addressed to the sound discretion of the trial court, and the trial judge's decision will not be disturbed unless he clearly abused his discretion. Joseph v. United States, 343 F.2d 755 (5th Cir.), cert. denied, 382 U. S. 828, 86 S.Ct. 65, 15 L.Ed.2d 73 (1965). *See also* United States v. O'Brien, 466 F.2d 517 (5th Cir. 1972); United States v. Valdez, 418 F.2d 363 (5th Cir. 1969); Welsh v. United States, 404 F.2d 414 (5th Cir. 1968). Appellant contends that the trial judge should have granted the continuance to permit newly-appointed co-counsel to familiarize himself with the case. We agree with the District Court that the continuance was unnecessary. Appellant had been represented for the six months preceding the trial by his original coun-

sel, who had thoroughly prepared the case and was present throughout the trial, and newly-appointed co-counsel relied upon original counsel's preparation in conducting a sifting cross-examination and a thorough defense. The District Court therefore did not abuse its discretion in denying appellant's motion for a continuance.

(2) Appellant contends that his defense was irretrievably prejudiced by the testimony of Mr. Marvin Cash, the jailer at the Pulaski County Jail in Little Rock, Arkansas. Mr. Cash testified that the gun which appellant was accused of transporting in interstate commerce was stolen the night of an escape from the jail. Appellant argues that the references to his previous jail term and to his escape branded him a criminal in the eyes of the jury.

■■■ Admissibility of evidence is a matter within the broad discretion of the trial court, United States v. Gonzalez, 466 F.2d 1286 (5th Cir. 1972), and this Circuit holds fast to the rule that the prosecution must not employ evidence of prior crimes for the purpose of showing either defendant's criminal character or his propensity to commit crimes. See, e. g., United States v. Garber, 471 F.2d 212 (5th Cir. 1972). But evidence of prior criminal conduct is admissible if relevant for another purpose. See, e. g., United States v. Payne, 467 F.2d 828 (5th Cir. 1972); United States v. Davis, 464 F.2d 558 (5th Cir. 1972); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971); United States v. Pittman, 439 F.2d 906 (5th Cir.), cert. denied, 404 U.S. 842, 92 S.Ct. 138, 30 L. Ed.2d 77 (1971).

The testimony of Mr. Cash was both relevant and necessary to the proof of the crime charged, and admission of the testimony did not unfairly prejudice appellant's defense. To establish the firearm violation, the government had to prove the identity of the gun which was traced to appellant, the element of interstate transportation, and appellant's access to the weapon. On these facts, the evidence was properly admitted. It can-

not be excluded simply because it established that appellant had escaped from a jail where he had been incarcerated for an earlier offense. The inclusion of references to "jail" or "prison" does not disqualify essential, otherwise relevant, testimony. See United States v. Sutherland, 463 F.2d 641 (5th Cir. 1972); Bram v. United States, 226 F.2d 858 (8th Cir. 1955).

(3) Appellant argues that the trial judge unnecessarily compounded the prejudice of Mr. Cash's testimony by refusing to grant separate trials for the firearm charge and the Dyer Act charge. According to appellant, the testimony establishing the firearm offense, especially the "jail" references, necessarily "spilled over" into the Dyer Act case.

■■■ Under Rule 8(a), F.R.Crim.P., two or more offenses may be joined if they "are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Motions for relief from prejudicial joinder are authorized by Rule 14, F.R.Crim.P., and they are addressed to the sound discretion of the trial court. United States v. Lane, 465 F.2d 408 (5th Cir. 1972). The burden of demonstrating prejudice is a difficult one, and the ruling of the trial judge will rarely be disturbed by a reviewing court. 8 Moore, Federal Practice ¶ 14.02[1] (2d ed. 1972). The defendant must show something more than the possibility that a separate trial might have offered him a better chance of acquittal. Cf. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

■■ In the case at bar, both offenses arose out of the same sequence of events, so joinder was proper under Rule 8(a). See Tillman v. United States, 406 F.2d 930 (5th Cir.), vacated and remanded on other grounds, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969). The trial judge's refusal to grant appellant's motion for severance was within the limits of his discretion. The trial

judge carefully instructed the jury to consider each charge separately, and we cannot conclude that those instructions were not followed. Considerations of judicial economy dictate "that the government should not be made to prove the same facts more than once." 8 Moore, Federal Practice ¶ 8.05[2], pp. 8–19 (2d ed. 1972). *See* Tillman v. United States, *supra.*

■ (4) Appellant was arrested after he was involved in an automobile accident with the stolen car. The arresting officer drove appellant back to the scene of the wreck where he was identified by the driver of the other automobile. While appellant was being so identified, another eyewitness was able to see him again. Relying upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967), appellant contends that these witnesses' subsequent in-court identifications were tainted because he was not advised of his right to counsel prior to the on-the-scene identification.

The Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411 (1972), refused to extend *Wade* to investigatory showups held before formal charges had been filed against the defendant. Appellant's reliance upon *Wade,* therefore, is misplaced. Moreover, the identification process here did not, when viewed in the totality of the circumstances, violate due process under the standard of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). *See also* Robinson v. Alabama, 469 F.2d 690 (5th Cir. 1972); Marden v. Purdy, 409 F.2d 784 (5th Cir. 1969).

■ (5) Appellant contends that it was error for the trial judge to deny appellant's motion to compel the government to subpoena and to pay the witness fees for two defense witnesses. According to Rule 17(b), F.R.Crim.P.,

> The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense.

The rule in this Circuit is clear that a Rule 17(b) motion must state facts that show the relevancy and necessity of the requested witnesses' testimony. *See* United States v. Dillon, 446 F.2d 598 (5th Cir. 1971). The trial judge here correctly denied the motion when appellant explicitly refused to disclose any facts which would show that the presence of the witnesses was necessary to an adequate defense. *Cf.* Samora v. United States, 406 F.2d 1095 (5th Cir. 1969); Welsh v. United States, *supra.*

■ (6) Finally, appellant attacks the sufficiency of the evidence supporting his firearm conviction. When reviewing the sufficiency of evidence, an appellate court must view the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Accordingly, we must draw all reasonable inferences and make all reasonable credibility choices which support the jury's verdict. United States v. Sutherland, *supra.* Here, the circumstantial evidence and the testimony of appellant's accomplice provided a sufficient basis for the jury to connect appellant with the firearm.

Affirmed.

GODBOLD, Circuit Judge (specially concurring):

While I agree with Judge Roney's opinion, it seems to me appropriate to state more specifically the position of the Supreme Court and of this circuit concerning the use of one-man "showups" for purposes of identification. While Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), held that the investigatory showup prior to filing of formal charges is not a *per se*

violation of the right to counsel, it noted that an identification made prior to formal charge remains subject to the requirement of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), that it not be so impermissibly suggestive as to violate due process. This circuit has, in view of all the circumstances, held valid under *Stovall* standards a "one-man show up," Marden v. Purdy, 409 F.2d 784 (5th Cir. 1969), in circumstances described by us as being such that "the distinctive description left little room for error." [1] *Stovall* itself recognized that "[t]he practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned." 388 U.S. at 302, 87 S.Ct. at 1972. This circuit, along with others, while recognizing the desirability of prompt identification, has stated its reluctance to encourage individual confrontation of suspect by victim when there are no exigent circumstances such as were present in *Stovall* and in that case made a lineup not feasible. Thus in United States v. Venere, 416 F.2d 144 (5th Cir. 1969), we denied the applicability of the *Stovall* principle to a confrontation arranged by the private citizen-management of the victim prior to police participation, but said

> Where police custody is involved, the need for a formal lineup may not be circumvented by keeping the arrestee away from the station house while contriving confrontations of a more informal nature.

416 F.2d at 148. In Rivers v. United States, 400 F.2d 935 (5th Cir. 1968), we pointed out "[t]he inherent dangers of impromptu identifications," and "[t]he opportunity for suggestive practices, either accidental or intentional" to which they are subject. 400 F.2d at 940. *See also* Jackson v. United States, 134 U.S. App.D.C. 18, 412 F.2d 149 (1969); Bates v. United States, 132 U.S.App.D.C. 36, 405 F.2d 1104 (1968).

---

1. Harris v. Dees, 421 F.2d 1079, 1082 (5th Cir. 1970).