491 F.2d 969
 Ray Otis STRADER, #229411, Petitioner-Appellant,
v.
W. J. ESTELLE, Director, Texas Department of Corrections,
Respondent-Appellee.
No. 73-2907 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises Inc.
v.
Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d
409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 27, 1974.
 
 Ray Otis Strader, pro se.
 John L. Hill, Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ray Otis Strader was convicted in a Texas court of robbery by assault, enhanced by a prior like offense; he is currently serving a life sentence. Strader filed his petition for writ of habeas corpus in federal district court under 28 U.S.C. 2254, alleging that evidence used against him at trial was the product of an unlawful search and seizure, and that the pre-indictment lineup procedure was defective in that he was denied assistance of counsel and the other participants in the lineup were substantially different from him in appearance. The district court dismissed the petition, and Strader appeals. We affirm.
 
 
 2
 Strader argues that the search, which revealed the stolen billfolds and money clip, was performed incident to a constitutionally defective arrest. We disagree. The victim of the robbery and assault reported the crime to police, describing the lost property and the two robbers. The following day an informant gave information to the police concerning the robbery, including descriptions of the robbers and of the automobile used by one of them, and the location of an apartment house frequented by the robbers. The police officers were doubtful of the informant's credibility, but went to observe the premises described. The observing officer saw Strader and another man enter the described automobile; the two man matched the descriptions given by the victim and the informant. The back seat of the automobile was filled with suitcases, leading the officers to believe that the two men were 'traveling.' The officers stopped the automobile, arrested the two men, and found the stolen billfolds and money clip in the glove compartment of the car.
 
 
 3
 Under these circumstances Strader's arrest without a warrant was lawful. By the time the officers had probable cause to arrest, they reasonably believed that there would not be sufficient time to obtain a warrant before the suspects could escape. The search of the glove compartment was justifiable as incident to a lawful arrest. Chimel v. California, 1969, 395 U.S. 752, 762-763, 89 S.Ct. 2034, 23 L.Ed.2d 685.
 
 
 4
 In response to Strader's allegations concerning deficiencies in the lineup procedure, the State argues that Strader effectively waived any right he may have had to counsel at a pre-indictment lineup, and that any differences in appearance between Strader and other persons in the lineup were insubstantial. We need not reach these questions, however, because our examination of the trial transcript convinces us that the district court was correct in its conclusion that the in-court identification of Strader by the victim was of an origin independent from and uninfluenced by the lineup.[1] Robinson v. Alabama, 5 Cir. 1972, 469 F.2d 690, cert. denied, 411 U.S. 909, 93 S.Ct. 1539, 36 L.Ed.2d 199.
 
 
 5
 Affirmed.
 
 
 
 [1]
 The victim had given thorough descriptions of the robbers to police prior to their arrest. He stated unequivocally at trial that the subsequent lineup contributed 'not at all' to his ability to identify Strader. (Transcript, p. 16)