336 So.2d 701 (1976)
Gary LUDWICK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75-1525 and 75-1526.
District Court of Appeal of Florida, Fourth District.
July 30, 1976.
Rehearing Denied September 27, 1976.
*702 Bryan C. Hugo of Hugo & White, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
Appellant in Case No. 75-1525 was tried and found guilty of both possession and delivery of cannabis. In Case No. 75-1526, he withdrew his previous plea of not guilty and entered a plea of nolo contendere to the offense of conspiracy to commit a felony, specifically reserving his right to appeal. The cases have been consolidated for the purposes of this appeal.
The only issue presented is whether the trial court erred in denying appellant's motions to dismiss for failure to make discovery. Testimony at a pretrial hearing established that the alleged offenses occurred at various times during December 1974. Throughout that month appellant had contacts with Officers Wingfield and Bass, undercover agents of the Orlando Police Department; the contacts included five telephone conversations involving narcotics transactions, which were recorded by the police. The tape cassettes were kept in a desk drawer in the Municipal Justice Building. The tapes were lost in the process of moving. There were differing opinions among police personnel who testified at the pre-trial hearing as to whether the tapes were merely for the use of law enforcement officers or were to have been preserved as evidence. There does not appear to have been a plan to preserve the subject tapes as evidence. Appellant made demand for production of the tapes under Fla.R.Crim.P. 3.220. Prior to trial appellant's motions to dismiss were denied without prejudice.
Appellant has not provided this court with a transcript of the trial proceedings and we are unable to determine from the record that the loss of tapes resulted in prejudice to the defendant. The trial judge's orders denying the motions to dismiss were without prejudice so the appellant upon a proper showing at the time of trial could have renewed his motions. This distinguishes the present case from Farrell v. State, 317 So.2d 142 (Fla.1st DCA 1975), in which the appellate court found unintentional destruction of tape recordings of drug transactions by the State to have violated defendants' right to due process. The reversal in Farrell was based upon uncontradicted facts contained in a stipulation of the parties, particularly the stipulation that the erased tapes would have been beneficial to the defendants and that their destruction resulted in prejudice. In the present case we have no such stipulation of fact and appellant has not shown that he was actually prejudiced at trial. The purpose of the discovery rule is to help a defendant prepare his case, not to give him procedural escape hatch for the avoidance of prosecution. As stated by Judge Boyer in his concurring opinion in Farrell, supra:
"..., the mere fact that a tape recording which might have been used in evidence was inadvertently destroyed does not ipso facto lead to reversal. On the contrary, it must be demonstrated that the destroyed evidence was material and that the defendant was prejudiced by the destruction." (At 144.)
The trial judge's orders denying appellant's motions to dismiss reach this court clothed with a presumption of correctness. The burden is upon the appellant to overcome *703 that presumption and demonstrate from the record how he was prejudiced by the loss of the tapes. Without a record of what took place at trial we cannot make that determination.
Affirmed.
CROSS, J., and CARLTON, CHARLES T., Associate Judge, concur.