357 So.2d 755 (1978)
Thomas M. WIESE, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1555.
District Court of Appeal of Florida, Fourth District.
April 18, 1978.
*756 Bruce E. Wagner, of Berk, Wagner & Montante, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant seeks reversal of his conviction for the offense of robbery with a firearm in violation of Section 812.13, Florida Statutes (1975) and sentence of twenty years imprisonment.
The alleged heist was perpetrated by appellant and four others, Keller, Tatton, Smith and Romano. The evidence showed that Keller and Tatton robbed a pharmacy at gunpoint. Appellant and Smith remained outside the pharmacy in two getaway cars. The robbery had been planned several days in advance while the participants were staying in a motel. Appellant took the stand and admitted that he participated in the robbery but contended he was coerced into participation by Keller, the heavy in the gang. In addition appellant claimed he was high on drugs at the time of the incident.
The judicial errors asserted by appellant are 1) the court's failure to make a full inquiry into the circumstances surrounding failure of the State to comply with appellant's demand for discovery, 2) the court's failure to grant a mistrial when a State witness testified he had taken a polygraph test, and 3) the court's failure to grant a *757 directed verdict or new trial because the evidence was overwhelming that appellant did not have the requisite intent.
We summarily reject the second and third ground for reversal. The evidence of a polygraph test was brought out by a line of questioning persisted in by appellant's counsel and thus, at worst, if error, it was invited. However, we do not believe it was error because the results of the polygraph test were not divulged nor could the results thereof have been necessarily inferred. Johnson v. State, 166 So.2d 798 (Fla. 2d DCA 1964). Regarding the sufficiency of the evidence to justify the verdict, we find it adequate.
The most serious point on appeal is based upon the State's alleged failure to furnish all statements in its possession pursuant to discovery rule Fla.R.Crim.P. 3.220.
From a review of the evidence adduced at trial from the State's witness Smith and the colloquy between the court and counsel out of the presence of the jury, it appears that Smith, his parents, his lawyer, a Vero Beach detective and an Assistant State Attorney had a conference on January 11, 1977. The subject of the discussion was whether Smith would give the State a statement under oath regarding what he knew of the alleged robbery. The conference was taped. One week later on January 18, 1977, Smith gave a written statement under oath. Sometime after the original conference the aforementioned tape was re-used, which destroyed the dialogue which took place at the earlier conference.
During the progress of the case pursuant to a Fla.R.Crim.P. 3.220 demand the State produced, among other things, Smith's sworn statement which implicated appellant in the robbery. However, no mention was made of the taped conference at the police station.
While Smith was testifying at trial counsel for appellant first became aware of the taped conference. Thus, he interrogated Smith concerning the circumstances of that meeting. Smith testified, in substance, that he was told that if he would agree to make a statement he could go home with his parents and he would not be indicted as an adult. Further, he said that he implicated himself, the appellant and all of the others in the robbery. He stated that when he gave his sworn statement a week later the same people were present. So it appears from Smith's testimony that on both occasions he implicated appellant and the other four participants in the robbery. Defense counsel then asked Smith if he remembered telling counsel that he wasn't positive appellant was behind the wheel of the getaway car. Smith conceded he said that and that he really was not sure, because both appellant and Keller had long blonde hair and Smith only saw the driver from across the street. Counsel then asked him, "But you don't actually know it was [appellant] in the car?" Smith answered, "No sir." Then counsel obtained the concession from Smith that in his statement he told the State Attorney and police what he thought they wanted to hear so that he could get immunity and would not have to go to jail. Smith acknowledged he would have "said almost anything to save [his] own skin so [he] wouldn't have to go to jail."
All of the foregoing examination of Smith took place in the presence of the jury. Counsel for appellant then had the jury excused and moved to strike Smith's testimony because the State violated the discovery rule by not furnishing him with Smith's first taped statement or conference. As a result of the colloquy between counsel and the court the court found there was no impropriety in the destruction of the tape.
It seems to us that the totality of the information furnished to the court by way of Smith's testimony before the jury relative to the original conference or statement, together with the colloquy with counsel outside the presence of the jury, fulfilled the requirements of Richardson v. State, 246 So.2d 771 (Fla. 1971), and Cumbie v. State, 345 So.2d 1061 (Fla. 1977), that the court make adequate inquiry into the surrounding circumstances to determine that the defendant has not been prejudiced by a *758 violation of the discovery rule. The inquiry demonstrated that what transpired at the first conference or statement, such as it was, was consistent with appellant's subsequent written statement and thus the State carried its burden to show lack of prejudice.[1] Of course, it would have been helpful had the trial court required the Assistant State Attorney or some other person present at the first conference or statement to testify as to what transpired there to corroborate Smith's statement that he implicated all five individuals in both statements.[2]
Since the value to appellant of Smith's first statement at the original conference lay in its possible impeachment effect on Smith's written statement, it is noteworthy that Smith was well impeached by defense counsel. Smith categorically admitted he told the police the story he thought they wanted to hear in order to improve his own position, and that he was not sure that appellant was driving the getaway car.
In other ways the record in this case demonstrates appellant was not prejudiced by the absence of the original tape. Keller pleaded guilty and gave a statement implicating appellant and appellant took the stand and testified that he participated in the robbery, albeit he claimed under coercion from Keller and the influence of drugs.
Accordingly, we affirm the judgment and sentence appealed from.
AFFIRMED.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] Richardson v. State, supra, and Cumbie v. State, supra. To the extent that Ludwick v. State, 336 So.2d 701 (Fla. 4th DCA 1976) indicates the burden of proof to show prejudice is upon the defendant we recede therefrom.
[2] In Sobel v. State, 349 So.2d 747 (Fla. 3rd DCA 1977), the court held that, since the tape was destroyed, due process required the conviction be reversed even though the officer who destroyed the tape testified that he did so because the tape contained only indistinct sounds and static. We feel due process requirements can be met where a showing is made that the contents of the lost or destroyed tape would not have been beneficial to the accused thus demonstrating a lack of prejudice. See State v. Smith, 342 So.2d 1094 (Fla. 2nd DCA 1977).