TENDRICH, MOIE J. L., Associate Judge.
The appellant was charged with kidnapping and sexual battery. Appellant moved for judgment of acquittal and to dismiss the information because the state had allegedly intentionally destroyed a tape containing alleged exculpatory material. The court denied both motions. Subsequently a jury found appellant not guilty of kidnapping and guilty of sexual battery involving use of physical force and violence not likely to cause serious personal injury. Appellant *460 contends on appeal that the trial court erred in denying his motion to dismiss because the state’s intentional destruction of the tape recording deprived him of due process of law.
On July 25, 1977, police arrested appellant at a friend’s apartment. Detective Jenne testified that appellant gave a statement in which he admitted being with the victim on the night in question, but maintaining that she consented to performing oral sex, and which further stated that they never had intercourse. At the station, while being questioned, the appellant complained that the tape was bothering him, so the police turned it off. At the trial, Agent Hurley who was present during the taped interrogation, testified as follows:
Q. Agent Hurley, now, you mentioned that you had been told at the house by Mr. Mathis that there was no rape and everything was voluntarily consented to, is that correct?
A. Yes.
Q. Now, did you take part in any type of interrogation of Mr. Bob Mathis where a tape recorder was present?
A. Yes.
Q. Did Mr. Mathis make similar comments that everything was consentual [sic] between the parties?
A. Yes.
Q. Where is that tape today?
A. Destroyed.
Q. Destroyed? Why was that tape destroyed?
A. Well, at the time the tape was never transcribed. We didn’t feel that it carried any importance in the case. It was never transcribed.
Due process requires that certain discoverable matter, i. e., all evidence which might lead the jury to entertain a reasonable doubt about a defendant’s guilt, be disclosed to the defense. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As Budman v. State, 362 So.2d 1022, 1025 (Fla. 3d DCA 1978), pointed out:
More recently, the Supreme Court in Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), clearly articulated the following three criteria for measuring when the Brady rule has been violated:
“(a) suppression by the prosecution after a request by the defense,
(b) the evidence’s favorable character for the defense, and
(c) the materiality of the evidence” Id. 373 U.S. at 794, 92 S.Ct. at 2568, 33 L.Ed.2d at 713.
Florida recently adopted a balancing approach for cases where evidence has been destroyed or lost by the state, which allows the trial court broad discretion in determining what, if any, sanction should be utilized against the state. State v. Sobel, 363 So.2d 324 (Fla.1978). Referring to this court’s opinion in Ludwick v. State, 336 So.2d 701 (Fla. 4th DCA 1976), Sobel, supra, notes:
the purpose of the discovery rule is to aid a defendant in the preparation of his case, not to give him a procedural escape hatch for the avoidance of prosecution . . . . [T]he mere fact that a taped recording which may have been utilized in evidence was destroyed does not require automatic reversal.

. [A] defendant is not denied due process where the contents of a lost or destroyed tape recording would not have been beneficial to the accused, thus demonstrating a lack of prejudice.
To support his position, appellant strongly relies on Farrell v. State, 317 So.2d 142 (Fla. 1st DCA 1975), but, as Budman v. State, supra at 1026, illustrates, this rebaneé is misplaced:
In Farrell, the Fourth District Court of Appeal held that the unintentional destruction (by erasure) by the State of discoverable tape recordings of undercover drug transactions violated the defendant’s right to due process of law. However, this holding and the resultant reversal of the trial court’s denial of the defendant’s motion to dismiss was based upon uncontradicted facts contained in a stipulation of the parties, particularly the *461 stipulation that the erased tapes would have been beneficial to the defendants and their destruction resulted in prejudice. In the instant case, we have no such stipulation of fact and appellant has not shown that he was actually prejudiced at trial; to the contrary, the trial court found that no prejudice resulted to appellant.
In this case we believe the information furnished to the lower court by way of the officer’s testimony before the jury regarding the taped conversation, together with a colloquy with counsel outside the jury’s presence fulfilled the requirements of Richardson v. State, 246 So.2d 771 (Fla.1971), and Cumbie v. State, 345 So.2d 1061 (Fla.1977), requiring adequate inquiry into surrounding circumstances of the state’s action to determine possible prejudice to defendant. Also see Wiese v. State, 357 So.2d 755 (Fla. 4th DCA 1978).
We also believe that the state met its burden of demonstrating no prejudice to defendant and that the appellant failed to demonstrate that the tapes contained evidence not otherwise available which was materially beneficial to his defense. It is our conclusion that under the circumstances presented herein, the trial court acted correctly in denying appellant’s motion to dismiss and motion for acquittal.
Accordingly, the judgment and sentence of the trial court are affirmed.
DOWNEY, C. J., and ANSTEAD, J., concur.