JOANOS, Judge.
Delmarco advances a number of arguments for reversal of his conviction on two counts of unlawful possession of codeine and diazepam,[1] and one count of introducing those substances into the Escambia County jail.[2] Having reviewed the appellant’s lengthy brief and having heard oral argument, we affirm. We feel it is of value to address only one argument raised by appellant’s counsel, and we also feel it nec *1170 essary to comment upon the remarks of the assistant attorney general at oral argument which had no foundation in the record before us at the time.
Delmarco contends the trial judge committed reversible error by failing to conduct an inquiry into possible prejudice caused by an alleged discovery violation by the prosecutor. If a trial judge becomes aware that the State has breached the discovery provisions of the Florida Rules of Criminal Procedure, he must conduct an inquiry into the circumstances surrounding the breach, he must ascertain the degree of prejudice to the defense, and he must determine the appropriate sanction. Richardson v. State, Fla., 246 So.2d 771 (1971). Therefore, Delmarco asserts, because a discovery violation occurred and the judge did not make an inquiry, the conviction must be reversed.
We affirm because the record does not indicate the trial judge was put on notice that a discovery violation occurred, so the requirements of Richardson do not apply. Delmarco’s trial argument on this point, did not sufficiently apprise the trial court of a discovery violation. The trial judge was never called upon to decide the point. We will not be persuaded to extend the Richardson reasoning to require that the trial judge act as the defendant’s advocate.
Further, we wish to note that at oral argument, the State’s counsel argued that certain depositions made clear that no discovery violation had occurred below; however, those depositions were not in the record on appeal, nor did they appear in designations or directions to the court reporter or clerk. Such argument is improper.
We grant the motion, belatedly filed by the State shortly after oral argument, to supplement the record with those depositions. Delmarco’s attorney on appeal has used his response to the motion as an opportunity to address the substantive issue raised by the State in connection with the depositions, mitigating the possible prejudicial effect of admitting the depositions at this point. In fact, Delmarco contends that certain material contained in the depositions actually supports his position. However, because our rejection of appellant’s argument based on the Richardson case is for the reasons expressed above, the depositions have had no effect on the disposition of this appeal.
AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH, J., concur.

. § 893.13(l)(e) Fla.Stat.

. § 951.22 Fla.Stat.