LARRY G. SMITH, Judge.
Appellant appeals his convictions for three counts of armed robbery. In his first point, the only point which we feel is beneficial to discuss, appellant contends that he was denied due process and his right to discovery under Florida Rule of Criminal Procedure 3.220(a)(1) when he was denied access to a police report which contained the name of a possible undisclosed witness. We affirm.
Appellant and co-defendant, Bruce Johnson,[1] (not related) were arrested and charged with the armed robbery on November 28,1980, of two employees of a Jacksonville bank, the bank manager and a customer.[2] Appellant filed a general demand for discovery on December 10, 1980, requesting discovery of all persons known to have information which might be relevant to the offense charged under Florida Rule of Criminal Procedure 3.220(a)(1). On January 29, 1981, appellant filed a motion for production of favorable evidence requesting discovery of “any description of robbers given by witnesses after crime which do not match the physical appearance of Bruce Johnson or Walter Johnson” and a motion for production of police reports, specifically requesting the police report of Officer Dorsey which was filed November 28,1980. On April 28, 1981, the trial court denied the motion for favorable evidence because the State had disclosed the requested items. On that same date, the trial court determined that an in camera inspection was necessary to determine if the police reports were discoverable. Just prior to trial on May 21, 1981, the trial court conducted an in camera inspection of the police reports. After reviewing the reports, the trial court denied disclosure finding that the reports were “merely investigatory.” These reports were sealed and made a part of the record on appeal.
Appellant was subsequently convicted of the armed robberies and appealed. His appellate counsel moved this court to view the sealed police reports and the motion was granted. Counsel viewed the police reports, and discovered the name of a possible witness in Officer Dorsey’s police report. Specifically Officer Dorsey’s report reveals that the stolen wallet of the bank manager was found by Cheryl Lynn Rhudy in front of her home. It further recites that Officer Dorsey was told by others that thirteen year old Hershel Newman was supposed to have seen a negro male in light colored trousers (possibly gray) walking fast on Mell Court around 9:40 A.M. the morning of the robbery.[3] The report reveals that Officer Dorsey attempted to interview Newman at his home but he was not there. There is no indication in the record that Dorsey ever contacted Newman or that the information allegedly possessed by the boy was verified. Newman was not called as a witness at trial.
Appellant contends that the State’s failure to reveal Newman’s name during the course of pre-trial discovery constituted a violation of the State’s continuing duty to disclose the name of witnesses with information relevant to the offense charged imposed by Florida Rule of Criminal Proce *1031 dure 3.220(a)(1) and (f), and that the withholding of this information from the defendant resulted in a denial of due process under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. We respectfully disagree for several reasons.
In Brady, the United States Supreme Court held that suppression by the prosecution of evidence favorable to an accused upon request results in a violation of due process where the evidence is material either to guilt or punishment. Later, in United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the United States Supreme Court held that when a pre-trial request for specific evidence is made and the requested evidence is withheld, a new trial will be ordered if the evidence is “material,” meaning that the suppressed evidence might have affected the outcome of the trial. Appellant contends he is entitled to a new trial because he specifically requested Officer Dorsey’s report, the names of witnesses with relevant information, and favorable evidence; the prosecutor refused to provide Officer Dorsey’s report which contained the name of Hershel Newman; and the name of the undisclosed witness, Hershel Newman, was “material.”
However, appellant’s argument ignores the fact that the Agurs court gave a prosecutor, who has doubts whether the subject matter of the request is material, the option of submitting the problem to the trial judge rather than furnishing the requested information. 427 U.S. at 106, 96 S.Ct. at 2398. The prosecutor in this case did submit the problem to the trial judge and the trial judge determined that Officer Dorsey’s report was “merely investigatory.” Appellant has failed to demonstrate that the trial court abused its discretion in this determination. Pitts v. State, 362 So.2d 147 (Fla. 3rd DCA 1978).
Although appellant firmly insists that the information contained in Officer Dorsey’s report is “material,” no facts are supplied which substantiate this claim of materiality. Compare Antone v. State, 355 So.2d 777 (Fla.1978). We are not told how the description allegedly given by Hershel Newman differs from the description of appellant or his co-defendant[4]; nor are we told how the defense’s knowledge of Newman’s name might have changed the outcome of the trial. There is no indication in the record or in appellant’s brief that Newman would have testified in appellant’s favor. United States v. Gonzalez, 466 F.2d 1286, 1288 (C.A. 5 1972). As the court in Gonzalez recognized, Brady does not impose on the prosecution a general duty to help the defense find witnesses who might be favorable to the defendant. Gonzalez at 1288. Finally, appellant has failed to demonstrate that the information contained in Officer Dorsey’s report could not have been obtained through reasonably diligent preparation. Breedlove v. State, 413 So.2d 1, 3-4 (Fla. 1982). Under the circumstances, we decline to find a Brady violation occurred.
Nevertheless, appellant contends that a new trial is required because the State failed to tender Newman’s name in violation of Florida Criminal Rule of Procedure 3.220(a)(1)(i). This rule requires the State to provide “the names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.” In State v. Johnson, 285 So.2d 53 (Fla. 2nd DCA 1973), cert. dism. 289 So.2d 9 (1974), the court interpreted this rule as requiring revelation only of those having knowledge as to substantial matters involved in the case. There the court determined that the State properly refused disclosure of a confidential informant who was not shown by the defense to possess any information relevant either to the offense charged or any defense to that offense. Similarly, it has not been shown that Newman possessed any information relevant either to the robberies or any defense to the robberies. We are further persuaded to conclude that no discovery violation occurred because Officer Dorsey’s re *1032 port merely reflects the hearsay statements of some young adults in the neighborhood where the bank manager’s wallet was found that Hershel Newman might be a possible witness. Officer Dorsey never verified this information. At this stage of the investigation, it cannot be said that Newman was a witness with relevant information. Moreover, we know of no duty on the prosecutor’s part to investigate further so as to determine whether Newman had relevant information.
There is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work, Moore v. Illinois, 408 U.S. 786, 795, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), nor is this required by Rule 3.220. The prosecution is not required to “comb its files for bits and pieces of evidence which conceivably could be favorable to the defense.” State v. Gillespie, 227 So.2d 550 (Fla. 2nd DCA 1969). As the State aptly points out in its brief, the purpose of the discovery rules is to help a defendant prepare his case. The rules are not designed to provide a procedural escape hatch on appeal for avoidance of the jury’s verdict, absent a showing of prejudice or harm to the defendant. Ivester v. State, 398 So.2d 926, 931 (Fla. 1st DCA 1981); Holman v. State, 347 So.2d 832, 834 (Fla. 3rd DCA 1977); Ludwick v. State, 336 So.2d 701, 702 (Fla. 4th DCA 1976).[5]
We affirm appellant’s remaining points without discussion and find that the evidence is clearly sufficient to sustain his convictions.
AFFIRMED.
JOANOS, J., and SHAW, LEANDER J., Jr., Associate Judge, concur.

. In a companion case, Case No. AF-61, Bruce Johnson has appealed his convictions raising the same points which have been raised in this case.

. The first information against appellant, filed on December 5, 1980, charged him with two counts of taking bank property from bank employees, one count of taking the property (a wallet) of the bank manager, and one count of taking the car of a bank customer which was used in the robbers’ getaway. On May 20, 1981, an amended information was filed dropping one count of taking bank property from a bank employee. The other three counts against appellant remained the same.

.Appellant and Bruce Johnson are Negro males. When appellant was apprehended, he was wearing a tan or brown colored jacket and gray slacks.

. Id.

. Appellant has not alleged in his brief that the trial court erred in failing to make a Richardson inquiry. Richardson v. State, 246 So.2d 771 (Fla.1971). Such an argument would be unavailing because the trial court was never put on notice that any alleged discovery violation occurred so the requirements of Richardson do not apply. Delmarco v. State, 406 So.2d 1169 (Fla. 1st DCA 1981).