538 So.2d 95 (1989)
The STATE of Florida, Appellant,
v.
Manuel ZAMORA, Appellee.
No. 87-2684.
District Court of Appeal of Florida, Third District.
February 7, 1989.
Robert A. Butterworth, Atty. Gen., and Joni B. Braunstein, Asst. Atty. Gen., for appellant.
*96 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
FERGUSON, Judge.
This appeal is brought from a trial court order dismissing an information on double jeopardy grounds.
The defendant, Manuel Zamora, was charged by information with trafficking in 400 or more grams of cocaine in violation of section 893.135, Florida Statutes (1987). A defense motion for mistrial was granted because of an alleged discovery violation, i.e., that police officers had not informed the defendant or the prosecutor that the package containing the cocaine had been submitted for fingerprint testing and that no latent prints were found.
At a new trial, a month later, the State's chemist testified that the cocaine involved in the case had been taken from the evidence vault for reanalysis, pursuant to a Metropolitan Dade Police Department security policy that involves random sampling of long-stored, contraband evidence. There was no proof, or even a suggestion, that the evidence was tampered with. Nevertheless, the defendant was granted an overnight continuance to take the chemist's deposition. The record shows (1) no willful prosecutorial misconduct, (2) no tampering with the evidence, and (3) that the claimed discovery violations were trivial and not prejudicial to the defendant.
After expressing displeasure with police department procedures generally, and with the random reanalysis policy in particular, the trial court granted a second defense motion for mistrial and subsequently entered the order of dismissal on double jeopardy grounds from which this appeal is brought.
The state attorney is responsible for evidence which is being withheld by other state agents, such as law enforcement officers, and is charged with constructive knowledge and possession thereof, for discovery purposes. State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla. 1984). However, where a mistrial is granted at the defendant's request, reprosecution is not barred on double jeopardy grounds absent a showing of intentional prosecutorial bad faith or judicial conduct designed to produce the mistrial. Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); Keen v. State, 504 So.2d 396 (Fla. 1987); State v. Hutchens, 517 So.2d 27 (Fla. 3d DCA 1987).
There is no allegation, or showing in the record, of intentional prosecutorial misconduct. The facts, as found by the trial court, after a Richardson inquiry and controlling principles of law, do not support the granting of a mistrial. The discovery rule was designed to furnish a defendant with information which would bona fide assist him in the defense of a charge against him; it was never intended to provide a defendant with a procedural device to escape justice where the State fails to disclose trivial information. Richardson v. State, 246 So.2d 771 (Fla. 1971); Johnson v. State, 427 So.2d 1029 (Fla. 1st DCA), rev. denied, 438 So.2d 833 (Fla. 1983), cert. denied, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 185 (1984). Where the State fails to provide discovery but there is no irreparable prejudice to the defendant, sanctions, where appropriate, should be directed to the offending persons. State v. Del Gaudio, 445 So.2d at 612.
Reversed and remanded with instructions to reinstate the information.