349 So.2d 747 (1977)
Robert SOBEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1034.
District Court of Appeal of Florida, Third District.
August 30, 1977.
Rehearing Denied September 30, 1977.
*748 Stanley M. Goldstein and Geoffrey Charles Fleck, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and NATHAN, JJ.
NATHAN, Judge.
Appellant Robert Sobel was found guilty by a jury, convicted and sentenced on charges of sale or delivery and possession of a controlled substance, to wit: lysergic acid. Sobel had allegedly sold lysergic acid to a police informant and an undercover officer.
Two errors are argued on appeal. The first concerns the fact that Sobel was charged with the sale and possession of lysergic acid, while the proof adduced at trial was that the substance purportedly sold by the defendant was in fact lysergic acid diethylamide (LSD). Since the two substances are listed in separate schedules of the controlled substances statute, Section 893.03, Florida Statutes, the defendant argues that there was a fatal difference between the charge and the proof presented at trial which requires reversal.
Sobel next contends that he has been denied due process since the police destroyed a taped recording of the transaction which defendant argues would have corroborated his claim that he was never actively involved in the sale and that he, in fact, never even had the illegal substance in his possession.
The testimony reflects that the drug transaction took place in Sobel's car. Sobel was driving and a friend was beside him in the front seat.[1] The officer and informant were in the back seat. Both agree that Sobel never handled the drugs or the money that was paid for them, although they claim that Sobel took part in a discussion over the price of the pills which were purchased. Neither could remember his exact words. Appellant denies that he took part in any conversation regarding the drugs.
The undercover officer had been outfitted with an electronic transmitter which she testified was functioning when she left the police station. She wore the transmitter during the entire course of events.
Another officer had been stationed in a surveillance vehicle carrying a receiver and recording device. This latter officer is the only person who heard the tapes of the transmissions which were received. He testified that he destroyed the tapes because he could only hear indistinct sounds and static. He further testified that he had turned off the recorder when appellant's car got out of range and that the only remotely perceptible signals received were of music and loud noises transmitted from the bar where the various parties had first met.
We feel that the trial judge should have granted appellant's motion to dismiss because of the possible materiality of the missing tape. The case against the appellant was largely made on the basis of inculpatory remarks which he allegedly made while in the car. From the record, it appears that there is some dispute as to what was actually said. There is also conflicting testimony as to when the transmitter and recorder were working, how well they were working and what was actually received.
Given these facts, the mere possibility that the tapes could have served to corroborate appellant's contention that he was not involved in the drug deal becomes critical. Ordinarily, where a question arises *749 concerning the materiality of evidence which is in the State's possession, we remand to the trial court for a determination as to whether the omitted material reflects upon the defendant's guilt: "If there is no reasonable doubt as to the defendant's guilt whether or not the additional evidence is considered, then no reversible error has been committed." Briskin v. State, 341 So.2d 780 (Fla.3d DCA 1977). Here, however, there is no possibility for such an examination, since the tapes have, in fact, been destroyed. Therefore, in light of the unique factual circumstances of this case and the nature of the evidence, we find that appellant's claimed deprivation of due process in this regard is meritorious.
Since we hold that the case against Sobel should have been dismissed, there is no need to consider the discrepancy between the charge and the evidence adduced at trial.
Reversed.
NOTES
[1] This other party was charged as a co-defendant. He was acquitted at a separate trial.