ERVIN, Judge.
Campbell appeals his conviction for sale of heroin, contending, among other things, the court erred in refusing to grant his motion to suppress as it related to testimony by an undercover officer concerning Campbell’s participation in a drug transaction.
On June 24, 1977, three undercover officers in the Duval County Sheriff’s Department went to a local bar in an attempt to purchase certain controlled substances. One of the officers was equipped with a small electronic transmitter designed to enable the other officers, seated in an unmarked car, to hear and record the conversations over their receiver and recording device. Officer Herron met a person at the bar, co-defendant Presha, who told Herron he could help him buy heroin. The men went into a restroom at the bar and there, Herron stated, he met Campbell who sold him three packets of heroin. Appellant at trial denied selling heroin to Herron and denied speaking to him.
Campbell argues that the trial court erred in refusing to grant in its entirety his motion to suppress all statements allegedly made by him to the undercover officers. During the hearing on the motion to suppress the statements, it was established that the surveilling officers, although they electronically monitored the conversation between Campbell and Herron, failed to place recording tapes in their receiver because of the poor reception which they had previously encountered in the area. The court granted the motion to suppress the statements as it applied to communications heard by the officers outside the bar, but denied the motion as to the conversation overheard by Herron. Appellant argues that the failure to record the conversation deprived him of the opportunity to corroborate his testimony that he did not sell heroin to Officer Herron.
Campbell argues further that Herron’s testimony should have been suppressed[1] since § 934.09(7)(a)[2] requires that once an *753 interception is made, the contents shall, if possible, be recorded and kept in such a way as to protect the recording from editing or other alterations, the statute can only be logically interpreted as requiring any intercepted communication which is not preserved be suppressed. We disagree. Section 934.09 pertains to the procedure for interception of wire or oral communications after an order is issued authorizing such interceptions. Upon the expiration of the period specified in the order, the recording is made available to the court which issued the order and is then sealed under its directions. The statute requires only that the contents of the recorded conversation be preserved for the benefit of the court. The conversations which were intercepted here were not authorized by court order nor were they required by law to be; therefore, the provisions of § 934.09 have no application to the conversation intercepted by Officer Herron. Section 934.03(2)(c) permits a law enforcement officer or person acting under his direction to intercept a communication when either is a party to the communication or one of the parties to the communication has given prior consent to such interception, and the purpose for the interception is to obtain evidence of a criminal act.
The Florida Security of Communications Act was patterned after the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq. The federal counterpart to § 934.03(2)(c) is § 2511(2)(c) which permits a person “under color of law to intercept a ... communication where such person is a party to the communication . . . .” While there are differences between the applicable provisions of the state and federal acts,[3] the distinctions are not relevant to the facts here. Section 2511(2)(c) has been interpreted as permitting an interception without prior court order. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); United States v. Harpel, 493 F.2d 346 (10th Cir. 1974); Stamatiou v. United States Gypsum Co., 400 F.Supp. 431 (N.D. Ill.1974), aff'd, 534 F.2d 330 (7th Cir. 1976).
We conclude there is nothing in the Florida Security of Communications Act which requires an intercepted communication be suppressed when the officer is a party to the communication and intercepted it for the purpose of obtaining evidence of a crime, even though tapes of the communication, for whatever reason, are not available to the defendant.
Campbell relies additionally upon Sobel v. State, 349 So.2d 747 (Fla. 3d DCA 1977) and Mitchell v. State, 358 So.2d 238 (Fla. 2d DCA 1978), as requiring suppression of the conversation. Neither of the two cases addressed any provision of Chapter 934. Both cases are distinguishable from the present since they involved circumstances in which the tapes were recorded, unlike the situation here, and were later lost or destroyed by the authorities. Moreover, the efficacy of the two opinions has been eroded by the Supreme Court’s recent decision in State v. Sobel, 363 So.2d 324 (Fla., 1978), which reversed the Third District’s decision in Sobel and held there must be a showing of prejudice to a defendant before the contents of the communication, later lost or destroyed, will be suppressed. Obviously if no prejudice was demonstrated by Sobel when the officers both intercepted and recorded the communication, which later disappeared while in their possession, we are unable to see how Campbell has demonstrated prejudice when the officers failed to record the communication.
*754 We have examined the remaining points relied upon by appellant and find them without merit.
AFFIRMED.
SMITH, Acting C. J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.

. Section 934.06 prohibits the reception at trial of any evidence which was obtained in violation of Ch. 934.

. Which provides:
The contents of any wire or oral communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device. The recording of the contents of any wire or oral communication under this subsection shall be kept in such a way as will protect the recording from editing or other altera *753 tions. Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions. Custody of the recordings shall be wherever the judge orders. They shall not be destroyed except upon an order of the issuing or denying judge and in any event shall be kept for 10 years. Duplicate recordings may be made for use or disclosure pursuant to the provisions of s. 934.08(1) and (2) for investigations.

. The distinctions were thoroughly analyzed by Judge Grimes in State v. News-Press Pub. Co., 338 So.2d 1313, 1315-1316 (Fla. 2d DCA 1976).